**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 7, 2006[*]
Decided December 8, 2006

**Before**

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 06-1928

| | |
|---|---|
| DENNIS MOORE, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 02 C 2079 |
| CINGULAR WIRELESS CORP., *Defendant-Appellee.* | Paul E. Plunkett, *Judge.* |

**O R D E R**

Dennis Moore sued Cingular Wireless Corporation ("Cingular"), his former employer, alleging race discrimination and retaliation in violation of Title VII, 42 U.S.C. § 2000e *et seq.* and 42 U.S.C. § 1981. The district court granted summary judgment for Cingular in September 2004 and denied Moore's first motion for relief from judgment under Federal Rule of Civil Procedure 60(b) in November 2005. Moore filed a second Rule 60(b) motion in November 2005, which the district court

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

denied in March 2006. Moore filed a notice of appeal, but a motions panel of this court concluded that it was untimely as to the underlying order on summary judgment and limited the appeal to review of the March 2006 order denying Moore's second motion for relief from judgment. Because Moore has not satisfied any of the grounds for relief under Rule 60(b), we affirm the denial of his motion.

Despite the motion panel's limitation on the scope of his appeal, Moore's appellate papers address his case as if the summary judgment ruling were under review. It is not. His first 60(b) motion was filed within ten days of the entry of summary judgment, so it tolled the time for appeal only until that motion was ruled on. *See Borrero v. City of Chicago*, 456 F.3d 698, 700-01 (7th Cir. 2006) (only the first within-ten-day, post-judgment motion tolls the time to appeal the underlying judgment); *Andrews v. E.I. DuPont DeNemours & Co.,* 447 F.3d 510, 515 (7th Cir. 2006). The order denying Moore's first post-judgment motion was entered on November 8, 2005, and Moore had thirty days after that to appeal. He missed the deadline by almost four months, so only the denial of his second Rule 60(b) motion is properly before us.

We review the denial of a Rule 60(b) motion for an abuse of discretion and rarely disturb a district court's decision on such a motion. *See Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006); *Karraker v. Rent-A-Center, Inc.,* 411 F.3d 831, 837 (7th Cir. 2005).

The district court did not abuse its discretion in denying Moore's motion. Moore's 60(b) motion primarily attacked the district court's legal reasoning in granting summary judgment, but such arguments should be raised on direct appeal, not in a Rule 60(b) motion. *See Bell v. Eastman Kodak Co.,* 214 F.3d 798, 801 (7th Cir. 2000) ("The ground for setting aside a judgment under Rule 60(b) must be something that could not have been used to obtain a reversal by means of a direct appeal."); *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995) ("Rule 60(b) . . . is not an appropriate vehicle for addressing simple legal error; otherwise, a party could circumvent the ordinary time limitation for filing a notice of appeal.").

Moore also pointed to "new" evidence—specifically, his statement of facts and supporting affidavits in opposition to summary judgment that the district court did not previously consider because they were untimely. The district court, "out of an abundance of caution," reviewed these materials and noted that they had "no effect on the outcome of the litigation." We cannot say the district court abused its discretion in reaching this conclusion because it had no obligation to review Moore's materials in the first place. Evidence is not "new" for Rule 60(b) purposes if it was available before entry of the judgment, as was Moore's evidence in this case. *See Harris v. Owens-Corning Fiberglas Corp.,* 102 F.3d 1429, 1433-34 & 1434 n.3 (7th

Cir. 1996). Moreover, motions to reopen based on allegedly "new" evidence cannot be brought more than a year after entry of the underlying judgment. *See* Fed. R. Civ. P. 60(b)(2); *Arrieta v. Battaglia*, 461 F.3d 861, 864 (7th Cir. 2006). Moore's second 60(b) motion was filed in November 2005—more than a year after the court granted summary judgment for Cingular in September 2004.

Finally, Moore's second Rule 60(b) motion reiterated the argument he made in his first motion for relief from judgment—that his attorney's failure to timely submit statements of facts in opposition to summary judgment amounted to excusable neglect. But, as the district court correctly pointed out in denying Moore's first Rule 60(b) response, attorney inattentiveness to litigation is not excusable. *See Easley v. Kirmsee,* 382 F.3d 693, 698 (7th Cir. 2004); *see also McCormick v. City of Chicago,* 230 F.3d 319, 327 (7th Cir. 2000) ("[N]either ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)."); *United States v. 8136 S. Dobson St.*, 125 F.3d 1076, 1084 (7th Cir. 1997) ("[A] client is bound by his chosen agent's deeds, whether it be negligence, gross negligence, or even wilful conduct.").

AFFIRMED.