NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 25, 2007[*]
Decided July 26, 2007

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. RICHARD D. CUDAHY, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

No. 05-2675

| | |
|---|---|
| CONNIE SIMBURGER and OHREN SIMBURGER, <br> *Plaintiffs-Appellants*, | Appeal from the United States District Court for the Southern District of Illinois |
| v. | No. 03-CV-811-WDS |
| HANOVER INSURANCE COMPANY, <br> *Defendant-Appellee*. | William D. Stiehl, <br> *Judge.* |

**O R D E R**

Ohren and Connie Simburger sued Hanover Insurance Company in Illinois state court for compensatory damages after, they say, Hanover refused to pay a claim arising from wind damage to their property. Hanover removed the action to federal court, and on January 14, 2005, the district court granted summary judgment in Hanover's favor. The Simburgers, who were counseled at the time, did not appeal. Instead, on February 14, 2005, the Simburgers filed a motion to vacate

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

the judgment, which the district court denied on June 2, 2005. The Simburgers then filed a notice of appeal but later moved "to dismiss appeal as to order of January 14, 2005." Connie Simburger appeals.[1]

Despite the motion to dismiss and our own order limiting the scope of this appeal to the ruling on her motion to vacate, Simburger's brief to this court primarily challenges the January 14, 2005 order. But we cannot review that order because Simburger expressly relinquished her right to appeal the district court's grant of summary judgment. Moreover, even if she had not voluntarily dismissed her appeal of the underlying summary judgment order, we could not review that order because Simburger's motion to vacate, filed 31 days after entry of judgment, did not toll the time for appealing the underlying judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi) (instructing that Rule 60(b) motions toll time for filing notice of appeal only if filed within ten days after entry of judgment); *Borrero v. City of Chi.*, 456 F.3d 698, 701 (7th Cir. 2006); *see also Talano v. Northwestern Med. Faculty Found., Inc.*, 273 F.3d 757, 762 (7th Cir. 2001) (explaining that district court must construe any motion filed more than ten days after entry of judgment as Rule 60(b) motion). Thus we must confine our inquiry to whether the district court abused its discretion in denying Simburger's motion to vacate.

Our examination of the record reveals no abuse of discretion. Simburger argued for the first time in her motion to vacate that the summary judgment order should be set aside pending resolution of another lawsuit she filed in state court in January 2000 challenging an arbitration award issued in connection with the insurance claim at the heart of this case. Yet a post-judgment motion is not an appropriate vehicle for introducing evidence and arguments that should have been brought to the court's attention during the summary judgment proceedings. *Caisse Nationale de Credit Agricole v. CBI Indus.*, 90 F.3d 1264, 1270 (7th Cir. 1996) (internal quotation marks and citation omitted). In this case, the information concerning the state-court suit was available to Simburger prior to summary judgment; she simply failed to bring it to the district court's attention until her motion to vacate. Although Simburger contends that she should not be penalized for her attorney's errors, it is well-established that parties to litigation are bound by

---

[1]The Simburgers' attorney filed a notice of appeal on behalf of both Connie and Ohren Simburger, but counsel subsequently was stricken from the roll of attorneys admitted to practice before this court. Proceeding pro se, only Connie Simburger signed the appellate brief. Connie Simburger is not a lawyer, however, and cannot represent Ohren Simburger in this appeal. *See Malone v. Nielson*, 474 F.3d 934, 937 (7th Cir. 2007) (per curiam); *Muzikowski v. Paramount Pictures Corp.*, 322 F.3d 918, 924 (7th Cir. 2003). Since Ohren Simburger did not sign the brief or file one of his own, we have dismissed him from the appeal.

the acts of their attorneys. *See Easley v. Kirmsee,* 382 F.3d 693, 699-700 (7th Cir. 2004); *United States v. 8136 S. Dobson St.,* 125 F.3d 1076, 1084 (7th Cir. 1997); *Tolliver v. Northrop Corp.,* 786 F.2d 316, 319 (7th Cir. 1986). Accordingly, the district court was within its discretion to deny Simburger relief.

AFFIRMED.