NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted March 12, 2008[*]
Decided March 13, 2008

**Before**

WILLIAM J. BAUER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 07-2878

| | |
|---|---|
| WILLIAM E. GOLLIHER, JR. | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Southern District of Illinois. |
| *v.* | No. 04 C 879 |
| JACKSON COUNTY, ILLINOIS | David R. Herndon, |
| SHERIFF'S DEPARTMENT, et al., | *Chief Judge.* |
| *Defendants-Appellees.* | |

## O R D E R

Federal inmate William Golliher, Jr., brought this action under 42 U.S.C. § 1983, claiming that law enforcement officers in Jackson County, Illinois, damaged his house during an unlawful search that turned up evidence used to convict him of a drug conspiracy. In his complaint Golliher demanded his release as well as compensation for the

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

damaged property and his time spent in prison. The district court screened the complaint, *see* 28 U.S.C. § 1915A, and, relying on *Heck v. Humphry*, 512 U.S. 477, 486-87 (1994), dismissed without prejudice all but the claim for the damage to the property.

The district court granted summary judgment for the defendants on that claim on September 29, 2006. This order was a final decision because "it resolved all outstanding claims and made clear that [the] suit was at an end." *Head v. Chi. Sch. Reform Bd. of Trs.*, 225 F.3d 794, 800 (7th Cir. 2000). Thus, it was immediately appealable. *See* 28 U.S.C. § 1291; *Borrero v. City of Chi.*, 456 F.3d 698, 699-700 (7th Cir. 2006); *Otis v. City of Chi.*, 29 F.3d 1159, 1165 (7th Cir. 1994). But the court did not set out its judgment on a separate document, *see* FED. R. CIV. P. 58(a), so it was not deemed to be entered until February 26, 2007, 150 days after the court's order was entered on the docket. *See* FED. R. CIV. P. 58(c)(2)(B); FED. R. APP. P. 4(a)(7)(A)(ii); *Borrero*, 456 F.3d at 701.

In the 150 days after the district court entered its final decision, Golliher filed two motions to amend his complaint, a motion for reconsideration, and a "motion to clarify judgment." Although these motions were made before judgment was entered, the latter two tolled the period for filing a notice of appeal just as if they had been made within 10 days after entry of judgment under Rule 58. *See Borrero*, 456 F.3d at 701. On March 12, 2007, the district court denied all of the motions except the "motion to clarify judgment," which the court granted to the extent of explaining that at summary judgment it had considered only the evidence relating to Golliher's property-damage claim and not evidence relating to the validity of the search. With this order, the clock began to run on Golliher's deadline to appeal the judgment. *See* FED. R. APP. P. 4(a)(4)(A)(iv). But Golliher let 30 days lapse without filing a notice of appeal, so he lost the ability to appeal the judgment. *See* FED. R. APP. P. 4(a)(1)(A). Accordingly, we do not consider Golliher's arguments that the district court improperly dismissed his wrongful-incarceration claim and erred in granting summary judgment on the property-damage claim.

Four months later, in July 2007, Golliher filed a "Motion for Relief from Judgment" under Federal Rule of Civil Procedure 60(b). Golliher argued that the district court should set aside its judgment because, he asserted, he had been transferred to a different prison during discovery so he could not respond adequately to the defendants' summary-judgment motion. He also argued that the district court's order failed to address one of his claims. The court denied the motion, reasoning that Golliher offered no special circumstances that justified setting aside the judgment and that all of Golliher's arguments either could have been raised earlier or already had been raised and decided. This time Golliher timely filed a notice of appeal.

The district court did not abuse its discretion in denying Golliher's Rule 60(b) motion. *See Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006). None of Golliher's arguments convinces us that he is entitled to the "extraordinary remedy" Rule 60(b) provides. *See Provident Sav. Bank v. Popovich*, 71 F.3d 696, 698 (7th Cir. 1995). He primarily argues that the judgment should be set aside because, he insists, the court's rulings contained legal errors. But as we already have said, it is too late for Golliher to attack the basis for the court's underlying judgment. He cannot use a Rule 60(b) motion to make an end run around his failure to raise these arguments in a timely appeal from the judgment. *See Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000). In any event, legal error is not a valid reason to grant a Rule 60(b) motion. *See Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002).

AFFIRMED.