NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 19, 2012[*]
Decided November 20, 2012

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 11-3913

| | |
|---|---|
| MARSHALL JACKSON,<br>　　*Plaintiff-Appellant,*<br><br>　　　*v.*<br><br>ALEX PLATZ and RITA ETIENNE,<br>　　*Defendants-Appellees.* | Appeal from the United States District<br>Court for the Southern District of Indiana,<br>Evansville Division.<br><br>No. 3:07-cv-002-RLY-WGH<br><br>Richard L. Young,<br>*Chief Judge.* |

**O R D E R**

Marshall Jackson filed suit under 42 U.S.C. § 1983 claiming that his civil rights had been violated by a doctor, a nurse, and the superintendent at the Indiana prison where he is incarcerated. After losing at summary judgment, Jackson filed successive motions seeking reconsideration of that decision. But he did not file a timely notice of appeal after the first of those motions was denied, and since only the first of multiple postjudgment motions will

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

toll the deadline for appealing the underlying decision, we cannot review the order granting summary judgment. Jackson's notice of appeal is timely only from the denial of his second postjudgment motion, which we construe as a motion to vacate under Federal Rule of Civil Procedure 60(b). We uphold the ruling on that motion.

We sketch the background facts in the light most favorable to Jackson. *See Couch v. United States*, 694 F.3d 852, 856 (7th Cir. 2012). During his twenty years in the Indiana Department of Correction before he arrived at the Branchville Correctional Center, Jackson had been wearing prescribed, orthopedic shoes to cope with swelling and pain in his feet associated with diabetes. But shortly after his transfer in 2006, Jackson was forced as a matter of routine to surrender his orthopedic shoes when he was placed in segregation while prison staff investigated his possible involvement, along with frequent visitor Elisa Burton, in a scheme to smuggle tobacco into the prison. Without his orthopedic shoes, Jackson experienced constant and severe pain in his feet. During his third week in segregation he complained of this pain in a request for healthcare directed to Alex Platz, his treating physician. Dr. Platz saw Jackson three days later but did not examine him during that visit. A week later Jackson submitted another healthcare request complaining about the continuing pain in his feet but received no response. For the roughly two months that Jackson remained in segregation, Platz apparently made no effort to convince prison administrators to allow him to wear his orthopedic shoes and did not prescribe any pain medication. Platz did order blood work, but no blood was ever drawn. The reason, Jackson maintains, is that Rita Etienne, the Director of Nursing, canceled the order and then colluded with other nurses under her supervision to falsify medical forms to cover up her interference.

Meanwhile, staff investigating Jackson concluded that he and Burton had been smuggling tobacco into the prison. After receiving the investigators' report, Gilbert Peters, the superintendent at Branchville, barred Burton from visiting any facility within the Department of Correction and also prohibited Jackson from receiving contact visits for six months. Jackson was disciplined for his smuggling activity.

In his complaint Jackson principally claimed that Superintendent Peters imposed the visitation restrictions only because he is black, in violation of his right to equal protection. Jackson also claimed that Dr. Platz and Nurse Etienne violated the Eighth Amendment by withholding necessary medical care. (Other claims against other defendants were dismissed at screening, *see* 28 U.S.C. § 1915A(b)(1), and are no longer relevant.) In granting summary judgment the district court concluded that Jackson lacked evidence that race played a part in the visitation restrictions. Likewise, the court continued, the evidence at summary judgment would not support a finding of deliberate indifference against either Platz or Etienne. Final judgment was entered on August 18, 2011. Eleven days later Jackson moved

for reconsideration under Federal Rule of Civil Procedure 59, which the district court denied on September 1. Twelve days later, on September 13, Jackson filed another postjudgment motion discussing only his claims against Platz and Etienne. The district court denied that motion on December 5. Twenty-four days later, Jackson filed his first and only notice of appeal.

Jackson has filed two briefs contesting the dismissal of his lawsuit at summary judgment; one brief concerns Superintendent Peters and the other, Dr. Platz and Nurse Etienne. We have no jurisdiction to review the underlying merits unless Jackson filed a timely notice of appeal. *E.g.*, *Blue v. Int'l Bhd. of Elec. Workers*, 676 F.3d 579, 582 (7th Cir. 2012). Appeals in civil cases must be filed within thirty days from the entry of the judgment, FED. R. APP. P. 4(a)(1)(A), though a timely motion for reconsideration or to vacate the judgment will toll the deadline to appeal until the motion is resolved, Fed. R. App. P. 4(a)(4)(A)(iv), (vi). But only the *first* of multiple postjudgment motions will toll the start of the thirty-day filing period, and thus Jackson's second postjudgment motion did not further extend the deadline for filing a notice of appeal. *See Martinez v. City of Chicago*, 499 F.3d 721, 725 (7th Cir. 2007); *Andrews v. E.I. Du Pont De Nemours & Co.*, 447 F.3d 510, 515 (7th Cir. 2006); *Borrero v. City of Chicago*, 456 F.3d 698, 700–01 (7th Cir. 2006). The district court denied Jackson's initial motion for reconsideration on September 1, and he did not file a notice of appeal until almost three months later, so we have no jurisdiction to review the underlying judgment. *See Martinez*, 499 F.3d at 725; *Andrews*, 447 F.3d at 515–16; *Borrero*, 456 F.3d at 700.

Jackson did file a notice of appeal within thirty days of the ruling on his second postjudgment motion. He also labeled that motion as one under Rule 59(e), but to preserve our available jurisdiction we treat it as one under Federal Rule of Civil Procedure 60(b). *See Justice v. Town of Cicero*, 682 F.3d 662, 665 (7th Cir. 2012); *Charles v. Daley*, 799 F.2d 343, 347 (7th Cir. 1986). We may review the district court's ruling because the denial of a Rule 60(b) motion, unlike a ruling under Rule 59, is a final decision appealable independently of the underlying judgment. *See Browder v. Dir., Dep't of Corr.*, 434 U.S. 257, 263 n.7 (1978); *York Group, Inc. v. Wuxi Taihu Tractor Co.*, 632 F.3d 399, 401 (7th Cir. 2011). Jackson's motion, which did not preserve any argument about Superintendent Peters, challenges the district court's conclusion that the evidence at summary judgment was not sufficient to warrant a trial on his Eighth Amendment claims against Dr. Platz and Nurse Etienne. Rule 60(b) is an extraordinary remedy that affords relief only in exceptional circumstances, *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005); *Willis v. Lepine*, 687 F.3d 826, 833 (7th Cir. 2012); *Wickens v. Shell Oil Co.*, 620 F.3d 747, 759 (7th Cir. 2010), and a motion under that rule cannot be used to raise contentions that could have been made in a timely appeal, *Kiswani v. Phoenix Sec. Agency, Inc.*, 584 F.3d 741, 743 (7th Cir. 2009); *West v. Schneiter*, 485 F.3d 393, 395 (7th Cir. 2007); *Donald v. Cook Cnty. Sheriff's Dept.*, 95 F.3d 548, 558 (7th Cir. 1996). The remedy is not

a substitute for an appeal, and neither can it be used to excuse a failure to file a timely appeal from the underlying judgment. *See Stoller v. Pure Fishing, Inc.*, 528 F.3d 478, 480 (7th Cir. 2008); *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 800–01 (7th Cir. 2000). Thus the district court did not err by denying Jackson's second postjudgment motion.

AFFIRMED.