CLD-216                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1670
_____

MARLON A. PENA,
                                        Appellant
v.

TD AUTO FINANCE LLC
also known as TD Bank,
also known as TD Auto Finance LLC

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil No. 2-19-cv-21492)
District Judge:  Honorable Madeline C. Arleo

_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect,
Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B), or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 8, 2021
Before:  RESTREPO, MATEY and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed July 15, 2021)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Marlon Pena, proceeding pro se, appeals orders of the United States District Court for the District of New Jersey denying his petition to confirm an arbitration award and his motion for reconsideration. We will affirm the judgment of the District Court.

Pena filed a petition in the District Court to confirm an arbitration award pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1-16 ("FAA"). According to Pena, Sitcomm Arbitration Association determined that TD Auto Finance LLC was liable for breach of contract and awarded him $116,313. TD Auto Finance moved to dismiss the petition pursuant to Federal Rule of Civil Procedure 12(b)(6). It asserted that it had never participated or agreed to participate in an arbitration proceeding with Pena and that the award is a sham. It noted that the petition follows Pena's other failed attempts to manufacture a claim against it in connection with the repossession of his car.

The District Court found that Pena was trying to enforce an award that was not genuine and was not based on a binding arbitration agreement between the parties. It noted that other federal courts had denied similar requests to confirm awards issued by Sitcomm Arbitration Association because the awards were illegitimate. The District Court stated that the purported award was incomprehensible, lacked factual findings and legal conclusions, and did not support the existence of an agreement between the parties.

The District Court further ruled that, even if it disregarded the evidence of fraud, Pena had not submitted a valid agreement to arbitrate as required by the FAA. It thus

2

granted TD Auto Finance's motion to dismiss and denied Pena's petition for confirmation. The District Court denied Pena's motion for reconsideration and this appeal followed.[1]

We first address our jurisdiction as there is a question as to the timeliness of the appeal. The District Court denied Pena's petition on July 28, 2020. On August 27, 2020, he filed a motion for reconsideration. The District Court denied the motion on March 16, 2021, and Pena filed a notice of appeal on April 6, 2021. In response to this Court's notice of a potential jurisdictional issue, TD Auto Finance asserts that Pena's motion for reconsideration was filed more than 28 days after the denial of the petition and was untimely, that the untimely motion did not toll the 30-day time period to appeal the July 28, 2020, order, and that jurisdiction is thus lacking.

The District Court's July 28, 2020, order, however, did not satisfy Federal Rule of Civil Procedure 58(a), which requires every judgment to be set out in a separate document.[2] Subject to certain exceptions not applicable here, Rule 58(a) requires the entry of a judgment separate from an opinion that notes the relief granted and omits or

---

[1] In denying reconsideration, the District Court agreed with Pena that his petition was not subject to dismissal under Rule 12(b)(6), see IFC Interconsult, AG v. Safeguard Int'l Partners, LLC, 438 F.3d 298, 308 (3d Cir. 2006), but stated that its denial of the petition on the merits was correct.

[2] The Federal Rules of Civil Procedure govern proceedings under the FAA, unless the statute provides other procedures. Fed. R. Civ. P. 81(a)(6)(B); Teamsters Local 177 v. United Parcel Serv., 966 F.3d 245, 255 (3d Cir. 2020). The FAA does not provide other procedures for entering judgment. It states that "[t]he judgment shall be docketed as if it

substantially omits the court's reasoning. LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 224 (3d Cir. 2007). A separate judgment was not entered here. As a result, under the federal rules, judgment was entered 150 days later on December 28, 2020. See Fed. R. Civ. P. 58(c)(2)(B); Fed. R. App. P. 4(a)(7)(A)(ii).

Although the 30-day time to appeal then began to run, LeBoon, 503 F.3d at 224, Pena filed a motion for reconsideration before judgment was entered on December 28. The premature motion was timely and it tolled the time to file an appeal until reconsideration was denied on March 16, 2021. See Fed. R. Civ. P. 59(e); Fed. R. App. P. 4(a)(4)(A); see also Borrero v. City of Chicago, 456 F.3d 698, 701 (7th Cir. 2006) (premature motions for reconsideration are timely). Pena timely filed his notice of appeal within 30 days on April 6, 2021. See Fed. R. App. P. 4(a)(1). To the extent TD Auto Finance requests dismissal of the appeal, the request is denied.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's factual findings for clear error and its legal conclusions de novo. China Minmetals Materials Imp. & Exp. Co. v. Chi Mei Corp., 334 F.3d 274, 278 (3d Cir. 2003).

Pena asserted in his petition for confirmation and in his motion for reconsideration that TD Auto Finance was barred from challenging the arbitration award because it had not moved to vacate it within the prescribed statutory time period. See 9 U.S.C. § 9

---

was rendered in an action." 9 U.S.C. § 13.

4

(providing that a court must confirm an award unless it is vacated, modified, or corrected), id. § 12 (requiring notice of a motion to vacate to be served within three months of an award); see also Teamsters, 966 F.3d at 252 ("'the confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court.'") (citation omitted).

This contention was not specifically addressed below but it is unnecessary to consider whether TD Auto Finance was required to pursue a motion to vacate the award under the circumstances here. The District Court did not err in denying Pena's petition absent evidence of a genuine arbitration award and an agreement between the parties. See 9 U.S.C. § 13 (requiring a party seeking an order confirming an arbitration award to file, among other things, the agreement and the award). The record supports the District Court's determination that Pena did not produce a valid award and agreement with TD Auto Finance.

Because Pena's appeal does not raise a substantial question, we will affirm the judgment of the District Court. See 3d Cir. LAR 27.4 and I.O.P. 10.6.