In the

# United States Court of Appeals
## For the Seventh Circuit

---

No. 04-2882

STEVEN G. ANDREWS,

*Plaintiff-Appellant,*

*v.*

E.I. DU PONT DE NEMOURS AND COMPANY,

*Defendant/Third-Party Plaintiff-Appellee,*

and

CANADA MARITIME LIMITED, a foreign limited
liability company, and ADRIAN CARRIERS,
INCORPORATED, an Iowa corporation,

*Third-Party Defendants-Appellees.*

---

Appeal from the United States District Court
for the Central District of Illinois.
No. 02 C 4032—**Joe Billy McDade**, *Judge.*

---

ARGUED SEPTEMBER 7, 2005—DECIDED MAY 5, 2006

---

Before CUDAHY, MANION, and SYKES, *Circuit Judges.*

SYKES, *Circuit Judge.* Steven Andrews ("Andrews") was
transporting thousands of pounds of ink for E.I. du Pont
de Nemours and Company ("DuPont") when his truck
tipped over on a highway ramp. Andrews sued DuPont
for negligently loading the truck. When DuPont won a

summary judgment, Andrews moved the district court to alter or amend its judgment under Rule 59(e) of the Federal Rules of Civil Procedure. That request tolled the time for appealing. *See* FED. R. APP. P. 4(a)(4)(A). Once the district court denied Andrews' motion, the thirty-day clock for appealing began. *Id.* Andrews asked the district court to reconsider once again. His second request came more than ten days after the entry of judgment, however, which is too late. *See* FED. R. CIV. P. 59(e). Andrews did not see it that way. He read the district court's denial of the first Rule 59(e) motion as a new basis for the summary judgment, and thus a new judgment. Andrews maintained that his new Rule 59(e) motion came within ten days of the new judgment. The district court disagreed. It explained that there was nothing new in its denial of the first Rule 59(e) motion and again refused to alter the judgment, this time on the basis that Andrews' motion was not timely. By the time Andrews finally appealed, thirty-five days after the denial of his first Rule 59(e) motion, it was too late to challenge the entire judgment. The question for us is whether the district court properly denied as untimely Andrews' second motion to alter or amend the judgment. We hold that it did.

## I.  Background

Andrews was driving a semitrailer filled with eighteen "totes" (a portable tank of sorts) of ink, each containing 1000 liters and weighing about 2420 pounds, when the semi turned over entering a highway in Illinois. The ink belonged to DuPont, which had packed the truck at its Iowa shipping facility. Andrews sued DuPont for injuries he suffered in the accident, alleging that DuPont negligently loaded the ink totes. Andrews maintained that the totes should have been loaded in a pinwheel fashion inside the trailer and that the totes should have been braced to the side walls.

Instead, the totes apparently were stacked. According to Andrews, "stacked totes" is synonymous with "improperly loaded totes," and we can assume as much for purposes of this appeal. Andrews' theory of the case is that as he took the curve to enter the highway, the improperly loaded ink totes shifted to one side of his trailer causing the turnover.

Andrews' claims did not survive summary judgment. Applying Illinois law to this diversity dispute, the district court held that Andrews could not prove his case—which involves physics questions about a cargo load of liquid ink weighing more than 40,000 pounds, the superelevation[1] of highway ramps, and the force needed to move the ink totes out of formation—without an expert because the facts and issues are outside the experience of the ordinary juror. *See generally Baltus v. Weaver Div. of Kidde & Co., Inc.*, 557 N.E.2d 580, 588 (Ill. Ct. App. 1990) (discussing when expert testimony is necessary). Andrews offered one expert but because the expert based his calculations on data from the wrong highway ramp, the court concluded that the witness did not pass muster under the test for reliable expert testimony set out in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Without his only expert, Andrews had no way to demonstrate that any negligence on DuPont's part proximately caused the truck to tip over, and the district court granted DuPont summary judgment. The order granting judgment was entered May 5, 2004.

Andrews moved the district court in a timely fashion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). He argued that if he needed an expert to show causation, he could rely on the testimony of DuPont's expert, Fred Monick. Monick testified that stacked

---

[1] On a highway ramp the outer edge is higher than the inside edge. Roughly speaking, the superelevation is a measurement of how much higher the outside edge is than the inside edge.

(or improperly loaded) totes would not have tipped unless the truck took the curve at 56 mph. Moreover, said Monick, the totes would not have slid inside the truck unless the truck took the curve at 60-62 mph. Monick concluded "that if the subject curve was traversed at 35 mph[, as Andrews and his eyewitnesses claimed,] . . . the truck would not have rolled over on the day of the accident absent mechanical problems." Andrews' Rule 59(e) motion misinterpreted Monick's testimony. By Andrews' account, Monick testified that *if the truck had been properly loaded*, it would not have tipped over at 35 mph. Since he had eyewitness testimony to establish that the truck was traveling 35 mph when it took the curve, the truck must have been improperly loaded.

The trial court rejected Andrews' argument. It said:

> Plaintiff claims that summary judgment is inappro-priate, in that he can rely on the testimony of Monick to establish an evidentiary basis for his theory that a load shift was the proximate cause of his accident. This is at odds with Monick's findings, where he opined that the stacked totes would not have tipped unless Plaintiff had negotiated the curve at a speed of 56 mph or more and that the totes would not have slid unless Plaintiff was traveling at a speed of 60-62 mph or more. Monick's opinion is fundamentally at odds with Plaintiff's theory.

Accordingly, on June 14, 2004,[2] the district court entered a denial of Andrews' motion to alter or amend the judgment. At that point, Andrews had thirty days to file his notice of appeal. *See* FED. R. APP. P. 4(a)(1)(A), 4(a)(4) (A)(iv).

Rather than pursue an appeal, Andrews filed a second Rule 59(e) motion to alter or amend the judgment on June

---

[2] The order is actually dated June 11, 2004, but it was not entered until June 14, 2004. Since the date of entry of the order is what is important for our purposes, *see* FED. R. APP. P. 4(a) (4)(A), we refer to the order as the "June 14 order."

17, 2004. He claimed that the district court created a new judgment in its June 14 order by denying his first motion on new grounds. According to Andrews, the district court held that he could not rely on Monick's testimony because the testimony established that the truck was actually driving 56 mph, which was at odds with Andrews' eyewitnesses who said the truck was going 35 mph. The trial court rejected this motion as untimely. Rule 59(e) motions must be brought within ten days of the judgment; this one came forty-three days after the original summary judgment. Only if the June 14 order really did create a new judgment was Andrews' second Rule 59(e) motion timely. The district court held that the June 14 order did not create a new judgment. The court had not relied on Monick's testimony for its truth; instead, it explained why Andrews could not rely on Monick's testimony (regardless of whether Monick's testimony was substantively true or false). Monick's testimony established not that the truck was actually traveling 56 mph, but that it had to reach 56 mph for improperly stacked totes to tip. If Andrews' eyewitnesses said the truck was going 35 mph, no expert testimony could support Andrews' load-shift theory. With that the district court denied Andrews' second Rule 59(e) motion as successive and untimely.

The order denying Andrews' second Rule 59(e) motion was entered on July 12, 2004, so Andrews still had two days to timely file a notice of appeal (thirty days from June 14 is July 14). *See* FED. R. APP. P. 4(a)(4)(A); FED. R. CIV. P. 6(a); *see also Charles v. Daley*, 799 F.2d 343, 347-48 (7th Cir. 1986) (holding that successive Rule 59(e) motions, unlike timely filed ones, do not toll the time for appealing). Andrews did not appeal until July 19, 2004. Because Andrews missed the deadline for appealing by five days, his appeal is timely only as to the order denying the second Rule 59(e) motion. So said this Court by order dated February 3, 2005.

## II. Discussion

We begin with the matter of jurisdiction. Neither party has raised it but we have an independent obligation to be sure jurisdiction exists. *St. Paul Mercury & Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 287 n.10 (1938); *Smith v. Am. Gen. Life & Accident Ins. Co.*, 337 F.3d 888, 892 (7th Cir. 2003). This case was removed to federal court from an Illinois state court on the basis of diversity jurisdiction, so jurisdiction exists if the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1441 & 1332. There is no question that the parties are diverse—DuPont is a Delaware corporation with its principal place of business there, too, and Andrews is a citizen of Illinois. The question is whether the amount in controversy is at least $75,000 exclusive of costs and interest.

Typically, we can rely on the amount alleged in the complaint to determine whether the amount in controversy is satisfied, *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815 (7th Cir. 2006), but that rule is not particularly helpful here since Andrews' complaint seeks damages "in excess of $50,000." Absent a controlling *ad damnum* clause in a complaint, the defendant must show by a preponderance of the evidence that the stakes are at least $75,000. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936) ("[W]here [jurisdictional facts] are not . . . challenged, the court may still insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of the evidence."); *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006). Andrews alleged in his complaint that he suffered "severe and permanent" injuries to his head, ribs, and back. He also sought damages for pain and suffering, past and future lost wages, past and future medical expenses, and for disabilities suffered. Discussion

between DuPont and plaintiff's counsel led DuPont to believe that Andrews' medical and rehabilitation expenses alone would exceed $75,000, (*see* Notice of Removal ¶ 3)—not to mention Andrews' lost wages (past and future) and his pain and suffering. *See, e.g.*, *Rising-Moore*, 435 F.3d at 815 (noting in dicta that even where medical expenses and lost wages amounted to only $45,000, "a modest allowance for pain, suffering, and future losses . . . brings the total over the threshold"). Andrews has not challenged DuPont's estimate of his potential damage. We are satisfied that DuPont has shown by a preponderance of the evidence that the amount in controversy requirement was met at the time of removal. *See Meridian Sec. Ins. Co.*, 441 F.3d at 541-43; *see also Shaw v. Dow Brands, Inc.*, 994 F.2d 364 (7th Cir. 1993) (noting that plaintiff conceded his claim was worth the jurisdictional amount "by not contesting removal when the motion was originally made, and by jurisdictional statements to this Court in his first brief").

The lone substantive subject of this appeal is the denial of Andrews' second Rule 59(e) motion, which we review for abuse of discretion. *Kapelanski v. Johnson*, 390 F.3d 525, 530 (7th Cir. 2004). Andrews' argument is the same here as in the district court—the June 14 order denying his first Rule 59(e) motion to alter or amend the judgment actually created a new judgment. Andrews says the district judge relied on grounds never before discussed when he denied the first Rule 59(e) motion. According to Andrews, he had ten days from the date of this new judgment, June 14, 2004, to file a Rule 59(e) motion, and once that motion was decided, thirty days to appeal.

An appeal must be filed in a civil case like this one within thirty days after the entry of judgment. FED. R. APP. P. 4(a)(1)(A). But a timely filed Rule 59(e) motion—one filed within ten days of the entry of judgment—suspends the time for taking an appeal. FED. R. CIV. P. 59(e); FED. R. APP. P. 4(a)(4)(A). Once the Rule 59(e) motion has been ruled on,

the thirty-day appeal clock begins to run. FED. R. APP. P. 4(a)(4)(A). A party may not continue to file Rule 59(e) motions in order to forestall the time for appealing; only the first motion stops the clock. *See Charles*, 799 F.2d at 347; *see also Acevedo-Villalobos v. Hernandez*, 22 F.3d 384, 389 (1st Cir. 1994) (noting that second motion filed more than ten days after original judgment did not affect time for appealing). The point of Rule 59 is to increase efficiency, allowing district courts a chance to correct their own errors rather than saddling the parties and appellate courts with otherwise unnecessary appeals. *See Charles*, 799 F.2d at 348. A party gets one shot at asking the district court to alter or amend the judgment and then he must move forward with his appeal—at least in the ordinary case.

Sometimes—and this is the rare exception—the trial court, upon considering a Rule 59(e) motion, will issue an order that "changes matters of substance, or resolves a genuine ambiguity, in a judgment previously rendered." *Fed. Trade Comm'n v. Minneapolis-Honeywell Regulator Co.*, 344 U.S. 206, 211 (1952). When that happens, we construe the order as a new judgment in the case, and the aggrieved party has a new ten-day period within which to file another Rule 59(e) motion. *Charles*, 799 F.2d at 348 ("A successive motion directed to the same judgment is ineffectual, but when there is a new judgment . . . there is also a new period in which to file a motion under Rule 59."). Similarly, the time for appealing will not begin until this new Rule 59(e) motion has been decided. Whether Andrews' second Rule 59(e) motion was timely depends on whether the June 14 order changed matters of substance or resolved a genuine ambiguity in the original summary judgment order. The test is whether the district court disturbed or revised legal rights settled in the original summary judgment order. *Minneapolis-Honeywell*, 344 U.S. at 212.

In fact, this Court has already decided the question. In an order dated February 3, 2005, we held:

> Plaintiff's second motion to alter or amend (filed on June 18, 2004) did not toll the time to appeal because it was not filed within 10 business days of entry of the judgment. *See Charles v. Daley*, 799 F.2d 343, 347 (7th Cir. 1986). As such this appeal is timely <u>only</u> as [to] the order entered on July 12, 2004, denying plaintiff's second motion to alter or amend judgment.

Andrews' appeal was not timely because the order denying Andrews' first motion to alter or amend the judgment did not create a new judgment; that much is implicit in our February 3, 2005 order. We now make that point explicit, though we need not—our February 3, 2005 holding is the law of this case.

In the order granting DuPont summary judgment, the district court held that Andrews must lose because without expert testimony he could not prove that any negligence on DuPont's part proximately caused the truck to turn over. Andrews' expert based his calculations on data from the wrong highway curve, so the district court struck his testimony. As a result, no expert testimony supported Andrews' theory of the case and the judge granted summary judgment.

Andrews took issue with that ruling and asked the district court to reconsider the matter in his first motion to alter or amend the judgment. Andrews claimed that although his expert's testimony had been stricken, he could rely on the testimony of DuPont's expert, Monick. According to Andrews, Monick testified that *if the truck had been properly loaded*, it would not have tipped at 35 mph. In fact, Monick said nothing of the sort. What Monick said was that stacked totes would tip only if the truck took the curve at 56 mph and "that if the subject curve was traversed at 35 mph . . . the truck would not have rolled over on the day of the accident absent mechanical problems." In other words, even if the truck was *improperly* loaded, it would not have rolled over at 35 mph.

Accordingly, the district court denied Andrews' first Rule 59(e) motion in its June 14 order. That order changed nothing about the original summary judgment. The district court originally granted judgment in favor of DuPont because Andrews had no expert through whom to establish proximate cause. After considering Andrews' misreading of Monick's testimony, the district court concluded that Andrews still had no expert through whom to establish proximate cause. The June 14 order was not a new judgment.

Andrews misread the June 14 order to say that Monick's testimony conclusively established that Andrews was traveling 56 mph. The order simply cannot be read that way. That misreading is based on Andrews' misunderstanding of Monick's testimony. The June 14 order did not adopt as true anything that Monick said; it simply explained how Monick's testimony did not square with Andrews' theory. Andrews' second Rule 59(e) was untimely and successive and was properly denied.

AFFIRMED.

No. 04-2882 11

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*