In the

# United States Court of Appeals

## For the Seventh Circuit

———————

No. 07-2620

GENE A. TAAKE,

*Plaintiff-Appellant,*

*v.*

COUNTY OF MONROE, a Body Corporate
and Politic of the State of Illinois,

*Defendant-Appellee.*

———————

Appeal from the United States District Court
for the Southern District of Illinois.
No. 06 C 579—**G. Patrick Murphy**, *Judge.*

———————

ARGUED APRIL 15, 2008—DECIDED JUNE 18, 2008

———————

Before CUDAHY, KANNE, and SYKES, *Circuit Judges*.

KANNE, *Circuit Judge*. Gene Taake brought suit in federal district court, under 42 U.S.C. § 1983, in an attempt to force the County of Monroe into selling him a piece of land that Taake argues the County contractually agreed to sell him. Taake alleged a deprivation of his rights to procedural and substantive due process under the United States Constitution. *See* U.S. Const. amend. XIV. He also raised a state-law breach-of-contract claim, sought specific performance from the County, and requested a preliminary injunction. Because there is no basis for fed-

eral jurisdiction in this case, we vacate the district court's decision and remand with instructions to dismiss the case without prejudice.

The County listed a piece of land for sale in July 2005. In August, Taake submitted a bid to purchase the property. The ultimate factual dispute at the heart of this case is whether the County accepted the bid and entered into a contract with Taake for the sale of the land; Taake, of course, contends that the County entered into a contract with him, while the County denies it did so. The district court proceeded to the merits of the contract claim, and decided that the County had not accepted Taake's offer to purchase the property. It granted summary judgment to the County and dismissed the case.

Neither party addressed the issue of federal jurisdiction, and thus the district court moved directly to the substantive contract claim. At oral argument, we asked the parties to explain the basis for federal jurisdiction, and informed them that caselaw from our circuit dispels the notion that a substantive constitutional property interest arises simply because a state actor breaks a contract with a state citizen. *See Garcia v. Kankakee County Hous. Auth.*, 279 F.3d 532, 535 (7th Cir. 2002); *Mid-Am. Waste Sys., Inc. v. City of Gary, Ind.*, 49 F.3d 286, 290 (7th Cir. 1995); *Sudeikis v. Chicago Transit Auth.*, 774 F.2d 766, 770 (7th Cir. 1985). We asked the parties to provide supplemental briefing on the issue of jurisdiction. The briefing confirmed the conviction we had from the outset: this case has no place in federal court because it presents only state-law claims that cannot come into federal court by way of a § 1983 action.

Taake readily conceded upon supplemental briefing that there is no federal jurisdiction in this case and asked

that we vacate the judgment of the district court and instruct the court to dismiss the case without prejudice, thus allowing Taake to proceed with the action in state court. The County, on the other hand, argues—in a last ditch attempt to save the favorable disposition it received below—that there is jurisdiction under § 1983 because Taake raised "serious constitutional issues to invoke the jurisdiction of the court" on the face of the complaint. The County also argues that our previous decisions do not "foreclose" the possibility of jurisdiction in a case such as this, so the case should live on in federal court.

If the County means to say by its "not foreclosed" argument that we have not before said: "there is no federal jurisdiction simply because a state actor allegedly breached a contract for the *sale of land*," the County is reading our precedent very narrowly. For we have said: "the Constitution does not require states to keep all promises made in their contracts and regulations. . . . [A] unit of state or local government does not violate the federal Constitution just because it violates a state or local law, including the law of contracts," *Garcia*, 279 F.3d at 535 (internal citations omitted); "[i]t has long been settled that a mere breach of contract by the government does not give rise to a constitutional claim," *Sudeikis*, 774 F.2d at 770; "[i]f a state's violation of its own laws and regulations does not violate the due process clause, it is hard to see how failure to keep a promise contained in a contract can violate the due process clause," *Mid-Am. Waste*, 49 F.3d at 290; and, "the purely commercial interest of which the plaintiff was deprived [a contract to purchase 142 acres] doesn't seem to be the kind of contractual interest that the values that inform the concept of due

process require to be classified as property," *Ind. Land Co. v. City of Greenwood*, 378 F.3d 705, 709-10 (7th Cir. 2004).

Notwithstanding our precedent, the County counters that because Taake invoked "procedural due process" and "substantive due process" in his complaint, jurisdiction was proper from the outset because "jurisdiction depended upon the allegations of the bill, and not upon the facts as they subsequently turned out to be." *City Ry. Co. v. Citizens' St. R.R. Co.*, 166 U.S. 557, 562 (1897). But the County's reliance on *City Railway*—a Contracts Clause case—is misplaced. The issue in *City Railway* was whether the city of Indianapolis impaired a contract in violation of the Contracts Clause, U.S. Const. art. I, § 10, cl. 1. A Contracts Clause claim presents a different jurisdictional analysis than that of a due process claim under the Fourteenth Amendment. *Cf. City Ry. Co.,* 166 U.S. at 563 (explaining that, for a contracts claim, "[a]ll that is necessary to establish the jurisdiction of the court is to show that the complainant had, or claimed in good faith to have, a contract with the city, which the latter had attempted to impair"); *Kahn v. Gallitano*, 180 F.3d 829, 832-36 (7th Cir. 1999) (explaining what must be demonstrated to sustain a Contracts Clause claim and what must be demonstrated for procedural and substantive due process claims); *Horwitz-Matthews, Inc. v. City of Chicago*, 78 F.3d 1248, 1249-50, 1252 (7th Cir. 1996) (analyzing whether the district court was correct to dismiss the case for lack of jurisdiction by way of the Contracts Clause).

Taake did not argue under the Contracts Clause that the County had legislatively impaired the contract it allegedly entered into with Taake. His failure to make such an argument was prudent, as we have refuted the notion that the Contracts Clause is at issue simply because a state

actor allegedly broke a contract with a citizen. *See Horwitz-Matthews,* 78 F.3d at 1250 ("For when a state repudiates a contract to which it is a party it is doing nothing different from what a private party does when the party repudiates a contract; it is committing a breach of contract. It would be absurd to turn every breach of contract by a state or municipality into a violation of the federal Constitution.").

The County would have us exercise jurisdiction in this case simply because the plaintiff stated in the complaint that he was raising procedural and substantive due process claims. In so arguing, the County asks us to turn a blind eye to the unfounded invocation of federal jurisdiction and to ignore the very task we are required to undertake as a court of limited jurisdiction—determining whether we are permitted by the Constitution and Congress to adjudicate a particular matter. *See Goros v. County of Cook*, 489 F.3d 857, 860 (7th Cir. 2007). "Distinguishing between 'essentially fictitious' claims that do not invoke federal jurisdiction and those in which a fairly debatable claim fails on the merits is essential if the federal courts are to remain tribunals of limited jurisdiction." *Id.* (quoting *Bailey v. Patterson*, 369 U.S. 31, 33 (1962) (internal citation omitted)).

With respect to the substantive due process claim, Taake appears to have initially assumed that because the alleged contract had to do with *land*, a substantive constitutional *property* interest was at stake. In reality, Taake's interest was a commercial interest under a contract to benefit from the deal he believes he struck with the County. There are only a "handful of fundamental rights [for which] the due process clause has a substantive component," *id.* at 860; *see also Washington v. Glucksberg*, 521

U.S. 702, 719 (1997), and neither party suggests that the right to force another party to make good on a contract for the sale of land is one such right. *See Mid-Am. Waste,* 49 F.3d at 291 (" 'The only interest at stake is the interest in obtaining the maximum return on investment. That is not a 'fundamental' right.' " (quoting *Nat'l Paint & Coatings Ass'n v. City of Chicago*, 45 F.3d 1124, 1129-30 (7th Cir. 1995))). In *Kahn v. Gallitano*, we declined to find a substantive due process interest in the right to be free from tortious interference with a contract by state actors, both because the petitioner did not show that the right was "deeply rooted in our history and tradition or implicit in the concept of ordered liberty," and because the petitioner did not demonstrate that the available state-law remedy for the injury was "inadequate under the federal constitution." 180 F.3d at 835. We refused to "create a redundant federal right that simply mirrors the available state-law tort." *Id.* Just as the Due Process Clause of the Fourteenth Amendment "does not transform every tort committed by a state actor into a constitutional violation," *see DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 202 (1989), nor does it transform every breach of contract committed by a state actor into a constitutional violation. *See Garcia*, 279 F.3d at 535.

Our caselaw already explains that mere breaches of contract by the government do not support substantive due process claims under the Constitution, *see e.g., Garcias*, 279 F.3d at 536; *Mid-Am. Waste,* 49 F.3d at 290-91*; Sudeikis*, 774 F.2d at 770, but we will explain it again, for the sake of future litigants who may think it a good idea to bring regular state-law contract claims to federal court via § 1983. When a state actor breaches a contract it has with a private citizen, and the subject matter of that contract

does not implicate fundamental liberty or property interests, the state acts just like any other contracting private citizen, *cf. Horwitz-Matthews, Inc.*, 78 F.3d at 1250; the proper tribunal to adjudicate issues arising from the contract (or alleged contract) is a state court, because contract law is a creature of state law, *see IFC Credit Corp. v. United Bus. & Indus. Fed. Credit Union*, 512 F.3d 989, 991-92 (7th Cir. 2007) ("There is no general federal law of contracts after *Erie R.R. v. Tompkins* . . . ."). If a party believes that the contract contemplates fundamental rights that are susbtantively protected by the Due Process Clause, but which have not yet been recognized by our court or the Supreme Court, the party's burden will be "great," *see Kahn*, 180 F.3d at 834, because it must show that the rights at stake are "deeply rooted in our history and tradition or implicit in our concept of ordered liberty," *see Glucksberg*, 521 U.S. at 710-17, and that the remedies available in state courts do not adequately protect those rights, *see Kahn*, 180 F.3d at 834-85.

As for procedural due process, the Fourteenth Amendment's Due Process Clause affords state citizens with the right to notice and an opportunity to be heard before being deprived of "property" as defined by state law. *See Goros*, 489 F.3d at 859. Taake used the words "procedural due process" in his complaint, but the remedies he seeks belie any suggestion that Taake is interested in notice and a hearing on the County's decision not to sell him the land. The only remedies Taake desires are for the alleged breach of contract: damages, specific performance of the land sale, and an injunction prohibiting the County from transferring or disposing of the land in a manner that violates the purported contract. Taake wanted the land—not a hearing at which the County would give

Taake an opportunity to contest the County's decision not to sell him the land. *See id.* at 860 ("Plaintiffs don't want *process*; they want money."). "[U]nless the plaintiff maintains that the state actor had to offer a hearing to resolve some contested issue of fact, the dispute belongs in state court under state law*." Id.* at 860.

We will not consider the merits of the state-law contract claim. That task is left to an Illinois state court. We thus VACATE the judgment of the district court and REMAND with instructions to dismiss the case, without prejudice, for lack of subject matter jurisdiction.