NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 4, 2008[*]
Decided December 5, 2008

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 08-2695

| | |
|---|---|
| WEI ZHOU, | Appeal from the United States District |
|     *Plaintiff-Appellant,* | Court for the Eastern District of |
| | Wisconsin. |
|     *v.* | |
| | No. 07-C-958 |
| MARQUETTE UNIVERSITY, | |
|     *Defendant-Appellee.* | Rudolph T. Randa, |
| | *Chief Judge.* |

**O R D E R**

Wei Zhou got into a dispute with Marquette University over whether he received high enough marks on an exam to remain in a Ph.D. program. He sued the university in federal court claiming breach of contract. The district court concluded that it lacked subject-

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

matter jurisdiction and dismissed the case.  We agree that the district court did not have jurisdiction over the dispute and so properly dismissed it.

Zhou was a candidate for a Ph.D. in Math.  To complete the program, candidates must pass a three-part preliminary exam, but the university gives them two chances to take the test.  The first time around, Zhou sat for two parts of the exam but passed only one.  He alleges that a faculty member then told him that he would receive a passing grade if, on his next attempt, he could do "a little bit" more or completely "finish three or four" problems.  On the second try Zhou failed both parts that he attempted (including the part that he failed the first time).  Afterward, the university told him he no longer could pursue a Ph.D. but could work towards a Master's degree instead.  In September 2004 Zhou and the university agreed to this arrangement in writing.

Three years later, though, Zhou sued in federal court.  He claims that Marquette breached what he says was an oral contract to give him a passing grade if he answered three or four questions on the second test.  The university, he adds, "forced" him to agree to give up on his Ph.D. in favor of a Master's degree, which he says violated his "human right, civil right and freedom of expression."  Zhou requested reinstatement to the Ph.D. program or the ability to re-take the exam and "about $30,000" for each year since he was kicked out of the program.

The district court agreed with the university that this lawsuit does not belong in federal court.  So do we.  Zhou claims  that the university breached an oral contract and somehow fraudulently induced him to enter into a written contract.  Contract disputes among private parties are quintessential state-law claims.  *See Taake v. County of Monroe*, 530 F.3d 538, 542 (7th Cir. 2008); *City of Chi. v. Comcast Cable Holdings, L.L.C.*, 384 F.3d 901, 904 (7th Cir. 2004).  And though in his complaint Zhou alludes to violations of his civil rights including his right to freedom of expression, his feeble one-line reference falls far short of what is required to state a federal claim.  *See Greater Chi. Combine & Center, Inc. v. City of Chi.*, 431 F.3d 1065, 1069 (7th Cir. 2005); *Oak Park Trust & Sav. Bank v. Therkildsen*, 209 F.3d 648, 651 (7th Cir. 2000); *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1317 (7th Cir. 1997); *Gammon v. GC Servs. L.P.*, 27 F.3d 1254, 1256 (7th Cir. 1994).  As Zhou makes clear in his complaint and his brief on appeal, his gripe relates to contracts that he allegedly entered into with the university.  His vague allusions to civil liberties cannot transform these state-law claims into a federal question.

With respect to the diversity jurisdiction, federal courts may not exercise jurisdiction on this basis when both the plaintiff and the defendant are citizens of the same state.  *See* 28 U.S.C. § 1332(a); *Blue Cross & Blue Shield Ass'n v. Am. Express Co.*, 467 F.3d 634, 638 (7th Cir.

2006); *Andrews v. E.I. Du Pont De Nemours & Co.*, 447 F.3d 510, 514 (7th Cir. 2006). In the district court Zhou alleged that he is a "resident of Sichuan Province, P.R. China," though he provided a Milwaukee, Wisconsin, address. But he did not identify his citizenship or immigration status. These omissions are important because federal courts have diversity jurisdiction over disputes among "citizens of a State and citizens or subjects of a foreign state," but permanent-resident aliens are considered citizens both of the state where they are domiciled and their home countries. 28 U.S.C. § 1332(a)(2); *see Extra Equipamentos E Exportação Ltda. v. Case Corp.*, 541 F.3d 719, 721 (7th Cir. 2008); *Intec USA, LLC v. Engle*, 467 F.3d 1038, 1043 (7th Cir. 2006). Presented with this limited information, the district court found that Zhou is a citizen of Wisconsin, and so lacked diversity with Marquette (which is incorporated and located in Wisconsin). Zhou does not dispute these findings. Instead, in his brief he insists incorrectly that it was the district court's burden to prove that he and Marquette are not diverse. But it is up to the plaintiff who files in federal court to plead this basis for jurisdiction and establish diversity of citizenship, *see Craig v. Ontario Corp.*, Nos. 06-4409, 08-1013, 2008 WL 4149718, at *3 (7th Cir. Sept. 10, 2008); *Hart v. FedEx Ground Package Sys., Inc.*, 457 F.3d 675, 679 (7th Cir. 2006), and Zhou has not done that here.

AFFIRMED.