09-2104-cv
Walker v. Waterbury

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of January, two thousand ten.

Present:
> WILFRED FEINBERG,
> ROBERT A. KATZMANN,
> > *Circuit Judges*,
> T.S. ELLIS, III,
> > *District Judge*.[*]

_____

TIMOTHY D. WALKER,

> *Plaintiff-Appellant*,

JAMES W. BURNS, MARK GOSTYLA, RUSSELL PALTAUF, FERNANDO RAMIREZ, DALE SALMON, ALEXANDER CRUZ, IVAN HERNANDEZ, DAVID KRASNOWSKI, RICHARD T. PALTAUF, ROBERT STOKES, and GERALD ZARELLA,

> *Consolidated Plaintiffs-Appellant*s,

JOSEPH FISCHETTI, EDWARD GRENIER, MARK JOHNSTON, JOHN F. MOFFO, and NATHANIEL SHULDE,

> *Consolidated Plaintiffs*,

---

[*] The Honorable T.S. Ellis, III of the United States District Court for the Eastern District of Virginia, sitting by designation.

CITY OF WATERBURY,

       *Defendant-Cross-Claimant-Appellee*,

WATERBURY FINANCIAL PLANNING AND ASSISTANCE BOARD,

       *Defendant*,

WATERBURY FIRE FIGHTERS ASSOCIATION,

       *Defendant-Cross-Defendant.*

_____

| | |
|---|---|
| For Plaintiffs-Appellants: | JOHN R. WILLIAMS, New Haven, CT |
| For Defendant-Cross-Claimant-Appellee: | GARY S. STARR, Shipman & Goodwin LLP, Hartford, CT |

Appeal from the United States District Court for the District of Connecticut (Kravitz, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Plaintiffs-Appellants, current and former firefighters employed by the City of Waterbury ("the City"), appeal an order of the district court, dated March 6, 2009, granting the City's motion for summary judgment as to Plaintiffs' substantive due process claim under the Fourteenth Amendment. We assume the parties' familiarity with the underlying facts and procedural history of the case.

In order to sustain a substantive due process claim, a plaintiff must demonstrate, *inter alia*, that he was deprived of a fundamental constitutional right, *see Local 342, Long Island Pub. Serv. Employees, UMD, ILA, AFL-CIO v. Town Bd. of Huntington*, 31 F.3d 1191, 1196 (2d Cir.

1994), by government action that is arbitrary or "conscience-shocking," *see Kaluczky v. City of White Plains*, 57 F.3d 202, 211 (2d Cir. 1995). At the outset, we note that the plaintiffs are mistaken in their repeated assertion that the question of whether they have established these elements should be decided by a jury. The facts of this case are not materially in dispute; thus summary judgment was an entirely appropriate means of deciding this case. *See* Fed. R. Civ. P. 56(c); *Doctor's Assocs., Inc. v. Distajo*, 107 F.3d 126, 129-30 (2d Cir. 1997). We review *de novo* a district court's grant of a motion for summary judgment. *Belfi v. Prendergast*, 191 F.3d 129, 135 (2d Cir. 1999).

The plaintiffs argue that they enjoy a fundamental right to the specific pension benefits enumerated in the 1995 collective bargaining agreement concluded between their union and the City. They contend that, because they have "risked their lives in service of the public good," the pension benefits they expected to receive under that agreement were "fundamental in our society's understanding of the proper order of things."

It is well-established that substantive due process protections extend only to those interests that are "implicit in the concept of ordered liberty," *Palko v. Connecticut*, 302 U.S. 319, 325 (1937), rights "so rooted in the traditions and conscience of our people as to be ranked as fundamental," *Reno v. Flores*, 507 U.S. 292, 303 (1993) (internal quotation marks omitted). Generally, interests related to employment are not protected. *See Harrah Indep. Sch. Dist. v. Martin*, 440 U.S. 194, 198 (1978) (contrasting interest related to employment with traditional interests protected by substantive due process, such as procreation, marriage, and family life); *McKinney v. Pate*, 20 F.3d 1550, 1560 (11th Cir. 1994) ("Because employment rights are state-created rights and are not 'fundamental' rights created by the Constitution, they do not enjoy substantive due process protection.").

This Court has made clear that "simple, state-law contractual rights, without more," are not protected by substantive due process. *Local 342*, 31 F.3d at 1196. This view finds support in the caselaw of several other Circuits. *See, e.g.*, *Taake v. County of Monroe*, 530 F.3d 538, 542 (7th Cir. 2008); *Nicholas v. Pa. State Univ.*, 227 F.3d 133, 143 (3d Cir. 2000); *Charles v. Baesler*, 910 F.2d 1349, 1353 (6th Cir. 1990). While we recognize the important public service that the plaintiffs provide, we cannot conclude that they enjoyed a fundamental right to the pension benefits they received pursuant to an ordinary employment contract.

The plaintiffs also suggest that the City, in negotiating a new collective bargaining agreement in 2001, engaged in arbitrary and conscience-shocking behavior. While the "measure of what is conscience-shocking is no calibrated yard stick," *County of Sacramento v. Lewis*, 523 U.S. 833, 847 (1998), it is clear that "malicious and sadistic abuses of government power that are intended only to oppress or to cause injury and serve no legitimate government purpose unquestionably shock the conscience," *Johnson v. Newburgh Enlarged Sch. Dist.*, 239 F.3d 246, 252 (2d Cir. 2001); *see also Natale v. Town of Ridgefield*, 170 F.3d 258, 263 (2d Cir. 1999) ("Substantive due process standards are violated only by conduct that is so outrageously arbitrary as to constitute a gross abuse of governmental authority.").

The district court properly rejected the plaintiffs' claim that the City acted in a conscience-shocking or arbitrary manner. The City acted to renegotiate its employment contracts in the face of a severe financial crisis, something it was essentially required to do in order to receive state emergency funds. While the plaintiffs certainly experienced a reduction in the value of their prospective pension benefits, they do not deny that, in return, they received individual lump-sum payments of at least $4,000 and a guarantee of continued employment for the duration of the 2001 collective bargaining agreement. Furthermore, the 2001 agreement was the subject

of extended negotiations and was ratified by the union membership. The district court rejected the plaintiffs' claim that the union was coerced into accepting the agreement, finding that the plaintiffs had adduced no evidence of such coercion; at most, the union was responding to the same financial constraints as the City. The City's decision to renegotiate the benefits it provided to the firefighters was a reasonable and legitimate response to difficult circumstances, and not the sort of arbitrary and outrageous conduct proscribed by the Fourteenth Amendment. We **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

By:_____