In the

# United States Court of Appeals
## For the Seventh Circuit

---

Nos. 18-1866 & 18-1889

IN THE MATTER OF:

STEVEN ROBERT LISSE,

*Debtor*.

APPEALS OF:

WENDY ALISON NORA

---

Appeals from the United States District Court
for the Western District of Wisconsin.
No. 16-cv-617-wmc — **William M. Conley**, *Judge*.

---

SUBMITTED SEPTEMBER 24, 2018 — DECIDED SEPTEMBER 28, 2018

---

EASTERBROOK, *Circuit Judge*, in chambers. Appellant has submitted a document styled "Request for Judicial Notice." In my capacity as motions judge, I deny this and publish a brief explanation in the hope of forestalling other, similar applications, which recently have increased in frequency.

Rule 201(b) of the Federal Rules of Evidence permits a court to take judicial notice of an adjudicative fact that is "not subject to reasonable dispute" because it:

(1) is generally known within the trial court's territorial jurisdiction; or

(2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

The "Request" asks the court to take judicial notice of four documents. Two of them are orders entered by a state court in Wisconsin. They are public records and appropriate subjects of judicial notice. See *Menominee Indian Tribe v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998); Fed. R. Evid. 901(b)(7).

The third is a power of attorney filed in state court. The fact that a document is in a state court's record does not make it an appropriate subject of notice, however, because its provenance may be disputed. Is it authentic? See Rules 901 to 903. Are the four signatures real or forged? (The signature lines say that all four signers are officers of Bank of America; none is a party to this proceeding.) Is it the original, or perhaps a duplicate admissible under Rule 1003? Is the document even relevant? See Rule 402. If the power of attorney had been submitted in *this* proceeding it would not be subject to judicial notice. It does not get a privileged status because it was filed in a state suit.

The fourth document is a lawyer's motion filed in the same state case. That document is not subject to judicial notice because it is not evidence of an adjudicative fact. A lawyer's appellate brief in the Seventh Circuit is not evidence; neither is a lawyer's motion in state court. If the document were being offered just to show that it had been filed, that fact might be subject to judicial notice, but the "Request" does not suggest that appellant wants this court to take notice that a particular document was filed on a specific date in some other tribunal.

I said at the outset that I am denying the "Request," and readers may wonder why I am not granting it with respect to two documents and denying it with respect to two. The reason is that the "Request" is unnecessary. The right place to propose judicial notice, once a case is in a court of appeals, is in a brief.

When evidence is "not subject to reasonable dispute", there's no need to multiply the paperwork by filing motions or "Requests." Just refer to the evidence in the brief and explain there why it is relevant and subject to judicial notice. If the assertion is questionable, the opposing litigant can protest. "On timely request, a party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed." Rule 201(e). That "timely request" and the "opportunity to be heard" both belong in the next brief. So if an appellant proposes judicial notice, the appellee's objection can be presented in its own brief. If it is an appellee who proposes judicial notice, the appellant's reply brief provides the opportunity to be heard in opposition. There's no need to engage in motions practice, require the attention of additional appellate judges, and defer briefing.

The "Request" therefore is denied as unnecessary with respect to the two judicial orders and is denied as both unnecessary and not meritorious with respect to the other documents.