NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 14, 2019[*]
Decided January 16, 2019

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 17-2049

| | |
|---|---|
| KEVIN SROGA, | Appeal from the United States District |
|     *Plaintiff-Appellant*, | Court for the Northern District of Illinois, |
| | Eastern Division. |
|     *v.* | |
| | No. 16 C 8366 |
| STEVE LABODA, DANIEL HOMEL, | |
| and THE CITY OF CHICAGO, | Harry D. Leinenweber, |
|     *Defendants-Appellees*. | *Judge*. |

**O R D E R**

    Kevin Sroga alleges that he purchased vehicles from the City of Chicago at a public auction, but the City prevented him from taking possession of them by unlawfully "seizing" them. He sued the City, two named employees, and multiple Jane and John Does for violating his federal constitutional rights as well as state tort law.

---

[*] Steve Laboda and Daniel Homel, the individual defendants, were not served in the district court and are not participating on appeal. We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

After dismissing the municipal-liability claim against the City, the district court dismissed the whole action for lack of subject-matter jurisdiction. We affirm the judgment, though we slightly modify it.

According to his complaint, Sroga purchased "8 to 10" vehicles through the City of Chicago Public Surplus auction sometime before June 2014. That month, the vehicles were "unlawfully and illegally seized" when they were removed from the "secured location … from where they were purchased." Sroga learned on August 25 that the vehicles had been moved, and he "took appropriate steps" to locate them and "stop the contract sale" of the vehicles, unsuccessfully.

Vehicles that the City sells at the auction are stored at the City impound yard until the winning bidders complete their purchase and retrieve their vehicles. Under the auction's Terms and Conditions,[1] a bidder must submit full payment within five days of the auction's close. If the bidder fails to remove the vehicle within 30 calendar days after submitting payment, the bidder is deemed to have ceded ownership of the vehicle to the City, and the City can dispose of the vehicle and retain any proceeds.

Sroga filed suit under 42 U.S.C. § 1983, asserting that the individual defendants violated the Fourth Amendment by unlawfully seizing his vehicles and that the City was also liable under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). He further claimed intentional infliction of emotional distress and conspiracy. The district court granted the City's motion to dismiss the *Monell* claim. It later dismissed the remainder of Sroga's case for want of prosecution because he failed to properly serve the individual defendants. Sroga moved to vacate the dismissal, arguing that he had, in fact, properly served the defendants. After a hearing, the court granted Sroga's motion to vacate the dismissal for want of prosecution but then dismissed the case once more, this time for lack of subject-matter jurisdiction. A transcript of the hearing corresponding to the court's summary order is not in the record.

---

[1] The defendants request that we take judicial notice of the City of Chicago's Online Auction Terms and Conditions, the "contract" that governed Sroga's purchases at the auction; Sroga has not objected to this request. We can take judicial notice of an adjudicative fact if it can be readily determined from sources whose accuracy cannot reasonably be questioned. *See* FED. R. EVID. 201(b); *In re Steven Robert Lisse*, 905 F.3d 495, 496–97 (7th Cir. 2018) (Easterbrook, J., Chambers). The "Terms and Conditions" is a public document that is posted on the City of Chicago's Public Surplus auction website, and it was last updated in 2012, thus governing Sroga's purchases in 2014. We therefore take judicial notice of the Online Auction Terms and Conditions.

On appeal, Sroga argues that the district court erred by dismissing his claim for lack of subject-matter jurisdiction because he stated a claim for a Fourth Amendment violation. The City argues that Sroga's Fourth Amendment claim is really a breach of contract claim in disguise and therefore does not "aris[e] under" federal law for purposes of the court's jurisdiction under 28 U.S.C. § 1331. We agree with the City.

We review the dismissal for lack of subject-matter jurisdiction de novo. *See Silha v. ACT, Inc.*, 807 F.3d 169, 172 (7th Cir. 2015). Sroga first asserts error because the district court dismissed the case for lack of jurisdiction *sua sponte*. We cannot be sure whether this is true—we lack a transcript of the relevant hearing and neither party tells us how the decision came about. But, in any event, courts must investigate the existence of jurisdiction *sua sponte* if the parties fail to address it. *See Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 593 (2004). If the district court did so here, there was no error.

In addressing whether the district court lacked subject-matter jurisdiction, again we are hamstrung by the absence of a transcript. Although our review is de novo, it is far from ideal to have only the district court's single statement—"This case is dismissed for lack of subject matter jurisdiction"—to focus our review. But we can infer from the arguments in the parties' briefs that the dismissal was premised on the absence of a substantial federal claim.

A federal district court has subject-matter jurisdiction under § 1331 when a substantial claim is founded on federal law. *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 136 S. Ct. 1562, 1571 (2016). To have substance, the federal claim must be more than a pretext to bring a state-law dispute in federal court. *See Avila v. Pappas*, 591 F.3d 552, 553 (7th Cir. 2010). Sroga alleged that the defendants violated the Fourth Amendment by unlawfully seizing his vehicles. Looking past Sroga's label, however, *see Int'l Armor & Limousine Co. v. Maloney Coachbuilders, Inc.*, 272 F.3d 912, 915 (7th Cir. 2001), his injury, if any, is contractual. The contract he entered into with the City when purchasing vehicles in the online surplus auction governs when buyers must remove their purchased vehicles, and when the City is permitted to deem the vehicles forfeited back to its possession. Any alleged wrongdoing by the City, therefore, arises from its duties under the contract.

Breach of contract is a claim arising under state law. When the government breaches a contract that it has with a private citizen, "and the subject matter of that contract does not implicate fundamental liberty or property interests," the state courts are the proper tribunal to litigate the issues arising from that contract. *Taake v. Cty. of*

*Monroe*, 530 F.3d 538, 542 (7th Cir. 2008). That Sroga contracted with a state actor does not turn his grievance into a federal constitutional claim. *Id.* Nor does his conclusory assertion that the defendants violated his constitutional rights. *See id.* at 541–42. Tellingly, Sroga seeks only damages. *See id.* at 543. The district court properly concluded that it lacked subject-matter jurisdiction over Sroga's claim that the defendants improperly seized his vehicles.

Sroga's remaining claims for intentional infliction of emotional distress and civil conspiracy (on theories of both direct and vicarious liability) also are governed exclusively by state law. *See, e.g.*, *Naeem v. McKesson Drug Co.*, 444 F.3d 593, 604 (7th Cir. 2006); *Feltmeier v. Feltmeier*, 798 N.E.2d 75, 79 (Ill. 2003). And because there is no "related" federal claim to trigger a district court's supplemental jurisdiction, *see* 28 U.S.C. § 1367(a), dismissal of the entire action was proper.

We note, however, that before the jurisdictional dismissal, the district court had granted the City's motion under Rule 12(b)(6), a disposition that is "deemed to be with prejudice." *Harmon v. Gordon*, 712 F.3d 1044, 1055 (7th Cir. 2013). Because the district court lacked subject-matter jurisdiction, we clarify that the dismissal with respect to the City is without prejudice. *See Kowalski v. Boliker*, 893 F.3d 987, 994 (7th Cir. 2018) ("[A] dismissal for want of subject-matter jurisdiction is necessarily without prejudice."). With that modification, the judgment is AFFIRMED.