In the

 United States Court of Appeals
 For the Seventh Circuit
 ____________________
No. 22-1562
INDIANA RIGHT TO LIFE VICTORY FUND, et al.,
 Plaintiffs-Appellants,
 v.

DIEGO MORALES, et al.,
 Defendants-Appellees.
 ____________________

 Appeal from the United States District Court for the
 Southern District of Indiana, Indianapolis Division.
 No. 1:21-cv-2796 — Sarah Evans Barker, Judge.
 ____________________

 SUBMITTED JANUARY 25, 2023 — DECIDED FEBRUARY 2, 2023
 ____________________

 Before EASTERBROOK, SCUDDER, and LEE, Circuit Judges.
 PER CURIAM. Following oral argument, the Indiana Right
to Life Victory Fund invoked Federal Rule of Evidence 201
and filed what it called “Appellants’ Motion Requesting Judi-
cial Notice.” The Fund’s motion explains that Diego Morales
has succeeded Holli Sullivan as Indiana’s Secretary of State
and has replaced Sullivan as a party to this case. This process
is commonplace in litigation involving public officials—so
much so that there is a Federal Rule directly on point. See Fed.
2 No. 22-1562

R. App. P. 43(c)(2). Under the Federal Rules, the substitution
happens automatically and does not require any motion by
any party.
 Still, the Fund filed this motion urging us to
 take judicial notice of the fact that there is no ev-
 idence in the record that Secretary of State Mo-
 rales has taken any steps to disavow enforce-
 ment of the prohibition in Indiana’s Election
 Code on corporate contributions to political ac-
 tion committees for purposes of independent
 expenditures, and that the record shows only
 two out of ten defendants have disavowed en-
 forcement.
The motion is unnecessary, improper, and denied.
 Nothing about Morales becoming Indiana’s sixty-third
Secretary of State calls our appellate or subject matter juris-
diction into question. Nor does it materially alter anything
about the issues presented on appeal. So there is no need for
judicial notice as to party substitution. Rule 43 does this work.
 But the Fund goes further, requesting judicial notice as to
Secretary Morales’s position on enforcing specific campaign-
finance laws. At bottom, the Fund’s motion seeks one of two
things, neither of which would be an appropriate use of judi-
cial notice. One reading of the motion is that it tries to define
the likelihood that Secretary Morales and other Indiana offi-
cials will enforce certain provisions of the Election Code. But
that is an argument, and judicial notice is only permitted for
adjudicative facts “not subject to reasonable dispute.” Fed. R.
Evid. 201(b). This limitation is even more important before the
courts of appeals, which do not sit as finders of fact.
No. 22-1562 3

 Or perhaps the Fund is trying to highlight what it sees as
a gap in the evidentiary record—that Secretary Morales has
yet to make a statement regarding state regulation of
independent-expenditure PACs. Setting aside that this, too, is
a form of argument, it is a waste of time to seek judicial notice
to memorialize the contours of the record. If the absence of
evidence in the record were an adjudicative fact subject to ju-
dicial notice, courts of appeals would be swamped with mo-
tions like this one. See In re Lisse, 905 F.3d 495, 497 (7th Cir.
2018) (Easterbrook, J., in chambers) (“When evidence is ‘not
subject to reasonable dispute,’ there’s no need to multiply the
paperwork by filing motions.”). The record speaks for itself.
 The Fund’s motion is DENIED.