In the

# United States Court of Appeals
## For the Seventh Circuit

No. 22-3065

TRACY LUSTER,

*Plaintiff-Appellant,*

*v.*

VILLAGE OF ASHMORE,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Central District of Illinois.
No. 2:21-cv-02139-CSB-EIL — **Colin S. Bruce**, *Judge*.

SUBMITTED MAY 26, 2023[*] — DECIDED AUGUST 2, 2023

Before ROVNER, HAMILTON, and SCUDDER, *Circuit Judges*.

HAMILTON, *Circuit Judge*. Plaintiff Tracy Luster was buying a home on contract in the Village of Ashmore, Illinois, when the village acquired the property for a municipal park and

[*] We agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. See Fed. R. App. 34(a)(2)(C).

demanded that Luster, who was living there with his family, vacate the property. Luster filed this suit under 42 U.S.C. § 1983. He alleges that the village violated his right to procedural due process under the Fourteenth Amendment, as well as state tort law, by taking the home without adequate notice and an opportunity to be heard. The district court dismissed Luster's third amended complaint because he failed to plead that he lacked an adequate post-deprivation remedy. This was a legal error, so we vacate the judgment and remand.

We accept as true the well-pleaded facts in Luster's operative complaint and draw reasonable inferences in his favor. *LaBella Winnetka, Inc. v. Village of Winnetka*, 628 F.3d 937, 941 (7th Cir. 2010). In 2019, Luster was buying a house in Ashmore on contract and had already paid the owner at least twenty percent of the price of the home. The village contacted Luster to obtain the property to create a municipal park. Luster rebuffed this offer. The village then contacted the property seller's heir. (It appears the original seller died after contracting with Luster.) According to Luster, the village knew of his contract but still convinced the heir to convey a warranty deed to the village without notifying Luster. The village then sent a letter to Luster demanding immediate possession of the property. According to Luster, he was unable to insure the house because of the ownership dispute. The house then burned down while Luster was attempting to quiet title. The fire destroyed his family's possessions and left them homeless.

In June 2021, Luster sued the village under § 1983, seeking damages for his lost property and the village's allegedly "malicious conduct" in demanding that Luster and his family vacate the home, just before Christmas, no less. The district court

dismissed Luster's first amended complaint. Because Luster asked for damages and specific performance of the contract rather than a procedural remedy, the judge thought he had not alleged a viable claim under the Fourteenth Amendment. The court gave Luster two more chances to amend.

In his operative complaint—his third amended—Luster requested both damages and a hearing on ownership of the property. The district court granted the village's motion to dismiss that last version of the complaint because, the court concluded, Luster was alleging that the deprivation of his property resulted from "random and unauthorized acts by state employees." The court thought that a plaintiff making such allegations must also allege that state law offered no adequate post-deprivation remedies. The district court then relinquished supplemental jurisdiction over Luster's state-law claims and dismissed the action with prejudice after finding that further amendment would be futile.

We review the dismissal de novo. *Bradley v. Village of University Park*, 929 F.3d 875, 882 (7th Cir. 2019) (reversing dismissal based on similar theory where employee alleged he was fired without due process).

In dismissing Luster's third amended complaint for not alleging that he lacked adequate post-deprivation remedies under state law, the district court seemed to rely on *Parratt v. Taylor*, 451 U.S. 527 (1981), and its progeny. We addressed that case at some length in *Bradley*. In *Parratt*, the prisoner-plaintiff alleged that prison officials had lost hobby materials the prisoner had ordered through the mail. The plaintiff claimed he had been deprived of his property without due process of law and ultimately won a damages verdict in the district court.

The Supreme Court rejected the due process claim because the idea of a pre-deprivation hearing was impractical, even nonsensical, when the deprivation of property happened as a result of "random and unauthorized" acts of prison officials, at least so long as the plaintiff had access to meaningful post-deprivation remedies under state law. 451 U.S. at 541. (*Parratt* was overruled in part in *Daniels v. Williams*, 474 U.S. 327 (1986), on the issue whether negligent conduct could violate the Constitution. In other respects, the narrow rule of *Parratt* for random and unauthorized deprivations with meaningful post-deprivation remedies remains sound.)

When *Parratt* applies, it excuses § 1983 liability for a lack of due process when (1) the deprivation is caused by the random and unauthorized act of a government employee rather than by an established state procedure, and (2) a meaningful post-deprivation remedy is available. *Bradley*, 929 F.3d at 879, citing *Parratt* and *Hudson v. Palmer*, 468 U.S. 517, 532–33 (1984).

We have said repeatedly that *Parratt* is a "rare exception to due process norms." *Bradley*, 929 F.3d at 886, quoting *Brunson v. Murray*, 843 F.3d 698, 715 n.9 (7th Cir. 2016). The exception is based on the "pragmatic reasoning" of *Parratt*, *id.*, that in some cases providing a hearing before deprivation is a practical impossibility. *Parratt*, 451 U.S. at 541.

Under the circumstances Luster alleges here, however, we see no obvious reason why the village could not have provided advance notice and a pre-deprivation hearing before it seized Luster's property interest under his contract to purchase the home. *Parratt* therefore does not apply here. (The village has assumed for purposes of its motion to dismiss that Luster's contract gave him a property interest entitled to constitutional protection.)

Luster's complaint does not allege or permit a reasonable inference that he was deprived of his property interest by the random, unauthorized acts of any village employee. Rather, he consistently alleges that the village, as part of its plan to establish a municipal park, deliberately deprived him of his property interest and attempted to remove him without prior notice and an opportunity to be heard. Indeed, it is difficult to imagine how unauthorized employees could complete a real estate transaction for the village. The village has not asserted as much.

In any event, *Parratt* does not excuse a municipality from its due process violations even though official actions may also violate state laws that offer a meaningful post-deprivation remedy. *Bradley*, 929 F.3d at 880. Pre-deprivation notice and hearings are not impractical, and therefore fall outside the narrow *Parratt* exception, for deliberate, planned deprivations of property, like firing the plaintiff in *Bradley* or seizing Luster's property. *Id*. at 886, 892. Accordingly, the core principle of federal due process protections applies: "the Constitution requires some kind of a hearing *before* the State deprives a person of … property." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990).

Construing Luster's pro se complaint liberally, see *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011), he states a *Monell* claim against the village. See *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Bradley*, 929 F.3d at 892 (conduct by officials with policymaking authority can be attributed to municipality). The village has not disputed that Luster was deprived of his property interest by action under color of law, as the complaint alleges. All he needed to allege further was that he

did not receive due process of law. See *Zinermon*, 494 U.S. at 125–26. He did that.

The district court also erred in saying, in dismissing an earlier version of Luster's complaint, that a plaintiff who seeks only damages does not state a due process claim. That is not the message of *Taake v. County of Monroe*, 530 F.3d 538 (7th Cir. 2008). We held in *Taake* that the plaintiff did not state a federal due process claim because he alleged that he had a contract with the county and sought "only remedies … for the alleged breach of contract," such as damages and specific performance. *Id*. at 543. We explained that "breaches of contract by the government" gave rise to state-law claims that belonged in state court. *Id.* at 542–43. *Taake* does not apply here, however. Luster does not allege that he had any contract with the village. He alleges a seizure of his property without prior notice and an opportunity to be heard. See *id.* at 543 (citation omitted).

In addition, the fact that Luster initially sought only damages for this alleged lack of process does not mean he pled himself out of federal court. We have said that a plaintiff cannot use a procedural due process claim to challenge a substantive outcome. For example, a suspended employee cannot sue to obtain as damages back-pay he believed he should have been awarded in a separate proceeding. *Simmons v. Gillespie*, 712 F.3d 1041, 1044 (7th Cir. 2013) ("Simmons does not want a hearing. He wants money."). "[T]he federal entitlement is to process," see *id.*, and that is what Luster says was missing.

When process is missing, however, damages can be a proper remedy under § 1983 when a violation of a constitutional right is proved. See *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 307 (1986). Indeed, under the facts alleged here,

damages are Luster's only possible remedy. The house is gone. To state a claim, it was enough that Luster alleged that he was injured by the village's failure to provide required pre-deprivation process, which rendered him unable to oppose the transfer of his property.

We VACATE the judgment and REMAND for further proceedings consistent with this opinion. The state-law claims, which are based on the same facts as the due process claim, are reinstated as well. See *Edwards v. Snyder*, 478 F.3d 827, 832 (7th Cir. 2007).