In the

# United States Court of Appeals
## For the Seventh Circuit

_____

No. 07-2709

ROBERT DAVIS,

*Plaintiff-Appellant,*

*v.*

ADVOCATE HEALTH CENTER PATIENT CARE EXPRESS,

*Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 07 C 2368—**Samuel Der-Yeghiayan**, *Judge.*

_____

SUBMITTED APRIL 2, 2008—DECIDED APRIL 28, 2008[*]

_____

Before KANNE, ROVNER, and SYKES, *Circuit Judges.*

KANNE, *Circuit Judge.* Advocate Health Center briefly employed Robert Davis, a Vietnam veteran, as an answering service agent during the spring of 2007. But before

_____

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

Davis had even completed the probationary phase of his employment, Advocate fired him. Davis promptly filed suit in federal court, alleging that Advocate fired him because of his prior military service in violation of the Uniform Services Employment and Reemployment Rights Act (USERRA), *see* 38 U.S.C. §§ 4301 to 4344. Davis also filed a motion to waive the filing fee associated with his suit, arguing that USERRA excused him from paying the fees and costs of litigation. *See* 38 U.S.C. § 4323(h)(1). The district court denied Davis's motion, ruling that USERRA's bar against fees and costs did not encompass filing fees to initiate litigation and reasoning that any other interpretation of the statute would "encourage frivolous lawsuits." The court gave Davis 25 days to pay the filing fee and noted that if Davis failed to comply with that deadline, his suit would be dismissed. Davis did not pay the fee, and instead waited until the deadline had passed and filed his notice of appeal two days later. The district court did not issue a final order of dismissal or a Rule 58 judgment.

On appeal, Davis argues that the district court erred in requiring him to pay the filing fee. Advocate contends, however, that we lack jurisdiction to consider whether the district court misinterpreted USERRA because the district court never entered a final judgment. *See* 28 U.S.C. § 1291; FED. R. CIV. P. 58(a). According to Advocate, the district court never officially dismissed Davis's suit because it only issued a "deferred or conditional order that never ripened into a 'final decision'" available for appellate review.

When a judge conditionally dismisses a suit, but gives the plaintiff time to fix the problem that led to dismissal (here, the payment of the filing fee), the order becomes an

appealable "final decision" once the time for correction has expired, whether or not the court enters a final judgment. *See Otis v. City of Chicago*, 29 F.3d 1159, 1165-66 (7th Cir. 1994). Advocate argues that *Otis* and its progeny apply only to those instances in which the district court dismisses the suit but agrees to lift the order of dismissal if the plaintiff satisfies certain conditions. In contrast, this case presents the inverse scenario: the district court ordered that, unless Davis paid his fee, the case *would be* dismissed (though the court never actually issued a separate order carrying out that threat). But that distinction is immaterial. Just as in the *Otis* line of cases, here the district court stated a plan to enter a final judgment in 25 days unless Davis paid his fee, and when Davis refused to pay the fee the court neglected to follow through with its plan. *See Albiero v. City of Kankakee*, 122 F.3d 417, 420 (7th Cir. 1997). More importantly, all that 28 U.S.C. § 1291 requires for a judgment to be final is that the district court is done with the case. *See Borrero v. City of Chicago*, 456 F.3d 698, 700 (7th Cir. 2006). Davis's suit has ended at the district court level, and so the absence of a Rule 58 judgment does not bar us from reaching the merits of his appeal. *See Props. Unlimited, Inc., Realtors v. Cendant Mobility Serv.*, 384 F.3d 917, 920 (7th Cir. 2004). In any event, more than 150 days have passed since Davis's deadline to pay the fee, and the separate document requirement is now moot. FED. R. CIV. P. 58(c)(2)(B).

That leaves the statutory question of whether USERRA excuses Davis from paying his filing fee, which we review de novo. *See United States v. Haddad*, 462 F.3d 783, 791 (7th Cir. 2006). Congress enacted USERRA in order to "prohibit discrimination against persons because of their service in the uniformed services." *Bowlds v. General Motors*

*Mfg. Div. of the General Motors Corp.*, 411 F.3d 808, 810 (7th Cir. 2005) (quoting 38 U.S.C. § 4301(a)(3)). We therefore construe USERRA liberally in favor of veterans seeking its protections. *See McGuire v. United Parcel Serv.*, 152 F.3d 673, 676 (7th Cir. 1998). As part of the legislation's broad remedial scheme, USERRA provides that "[n]o fees or court costs may be charged or taxed against any person claiming rights under this chapter." 38 U.S.C. § 4323(h)(1). Looking at other fees-and-costs statutes for interpretive assistance, the district court concluded that the only fees and costs covered by USERRA are those "listed in section 1920, which do not include the normal costs of litigation, such as the fees associated with filing the instant action." *See* 28 U.S.C. § 1920. But section 1920 costs do include filing fees. *See* 28 U.S.C. § 1920(1) (a judge or clerk of court may tax as costs any fees of the clerk); *see also, e.g.*, *Tchemkou v. Mukasey*, 517 F.3d 506, 512-13 (7th Cir. 2008). The district court therefore wrongly believed that the phrase "fees and costs" as applied in other contexts precludes reading USERRA's fees-and-costs provision to include prepayment of filing fees.

Advocate argues that the only statutory mechanism permitting plaintiffs to avoid prepaying their filing fees is the statute allowing plaintiffs to proceed in forma pauperis. *See* 28 U.S.C. § 1915. But the language of that statute nowhere says that Congress cannot enact other laws relieving litigants of the obligation to prepay filing fees. *See id.* Indeed, Congress has enacted such laws, particularly in the context of suits brought by members of the armed services. S*ee* 28 U.S.C. § 1916 (seamen may file suit without prepaying fees or costs); 10 U.S.C. § 867a (military personnel seeking review of courts-martial may petition the Supreme Court for writ of certiorari without prepayment of fees and costs).

Advocate also contends that USERRA's bar against charging fees and costs is designed only to prevent prevailing defendants from seeking the costs of litigation from losing plaintiffs. *See, e.g.*, *Chance v. Dallas County Hosp. Dist.*, 176 F.3d 294, 296 (5th Cir. 1999); *Jordan v. Jones*, 84 F.3d 729, 733 (5th Cir. 1996) (holding that trial court erred in awarding costs of litigation to defendant in USERRA suit). But those cases do not address the issue presented here—whether veterans are exempt from prepaying filing fees in USERRA cases. Moreover, the statute itself is broadly written and forbids charging *any* fees and court costs, not just those awarded to a successful opponent. *See* 38 U.S.C. § 4323(h)(1). It says nothing about prevailing defendants or losing plaintiffs at all.

More telling is that the Supreme Court of the United States has established a procedure for veterans "suing under any provision of law exempting veterans from the payment of fees or court costs" to proceed in that court without "prepayment of fees or costs." SUP. CT. R. 40(1). Litigants need only file a motion for leave to proceed as a veteran and an affidavit establishing the moving party's veteran status. *Id*. Consistent with the Supreme Court's approach, the admittedly sparse case law suggests that other courts have generally waived filing fees for veterans in employment discrimination suits under 38 U.S.C. § 4323(h)(1) and its predecessors. *See Gagnon v. Sprint Corp.*, 284 F.3d 839, 845 n.1 (8th Cir. 2002) (granting USERRA appellant's motion to waive costs on appeal), *abrogated on other grounds by Desert Place, Inc. v. Costa*, 539 U.S. 90 (2003); *Farries v. Stanadyne/Chicago Div.*, 832 F.2d 374, 381 (7th Cir. 1987) (observing that prior, materially unchanged version of statute permitted a veteran to

"commence an action without having fees or court costs" imposed); *Campbell v. Roach*, 741 F. Supp. 566, 567 (D. Md. 1990) (holding that prior version of statute permitted veteran to proceed in district court and on appeal without prepaying filing fee). In light of the plain language of 38 U.S.C. § 4323(h)(1) and Congress's intent, in USERRA and elsewhere, to lessen the costs of litigation for veterans, we hold that 38 U.S.C. § 4323(h)(1) permits a USERRA litigant to initiate suit without prepaying the filing fee. Because Davis has already paid his filing fee to proceed in this court, we ORDER the clerk of this court to refund Davis's appellate filing fee.

REVERSED.