**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted March 21, 2012[*]
Decided March 21, 2012

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 11-2933

| | |
|---|---|
| TERRY L. ALLEN, <br>     *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. |
|     *v.* | No. 1:10-cv-281 PPS-RBC |
| DANA LIGHT AXLE PRODUCTS, LLC, et al., <br>     *Defendants-Appellees*. | Philip P. Simon, <br> *Chief Judge*. |

**O R D E R**

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Terry Allen appeals from an order enforcing the oral settlement agreement he reached with his former employer, Dana Light Axle Products, claiming that he agreed to the settlement under duress. Because the record demonstrates that Allen entered freely into the agreement, we affirm.

Allen worked for Dana as a machine operator for 23 years before his termination in 2009, purportedly for poor job performance. He then sued the company, one of its employees, and his former union, claiming race, age, and disability discrimination. The district judge recruited an attorney for him. Shortly thereafter, Allen and his lawyer attended a settlement conference before a magistrate judge. The parties agreed that Dana would pay Allen $9,000 in exchange for Allen's release of all claims against the defendants. At the end of the conference, the magistrate judge, on the record, described the terms of the settlement and then confirmed with Allen that he agreed to those terms:

> THE COURT: Mr. Allen, these are the terms of the settlement upon
> which this case will be resolved, correct?
> MR. TERRY ALLEN: (No audible response)
> THE COURT: I didn't hear you, sir.
> MR. TERRY ALLEN: Yes.

The other parties also told the magistrate judge that they agreed to the settlement. But when the defendants sent Allen a written document memorializing the agreement's terms, he refused to sign it, complaining that his attorney had forced him to accept a settlement he believed to be too small. The defendants moved to enforce the oral agreement. The district judge allowed Allen's first attorney to withdraw and recruited a second attorney to represent him in responding to the motion.

In ordering the oral agreement enforced, the district judge ruled that the parties had entered into an enforceable agreement and that Allen had not demonstrated he was under duress when he agreed to be bound by its terms. The judge wrote that he would dismiss the action with prejudice once Dana delivered the $9,000 to Allen's new attorney and notified the court that payment had been made. Dana complied, but before the judge could enter his order, Allen filed a pro se appeal. The judge never entered a judgment under Rule 58 of the Federal Rules of Civil Procedure.

On appeal Allen contends that the district judge abused his discretion in rejecting his claim of duress and ordering the agreement enforced. The defendants, meanwhile, question

whether we have appellate jurisdiction given that the district judge never issued a Rule 58 judgment.

We address the jurisdictional question first. We have jurisdiction over all "final decisions" of the district courts, 28 U.S.C. § 1291, and a decision is "final" if it means the district court is "done with the case," regardless whether a final judgment has been entered. *Davis v. Advocate Health Ctr. Patient Care Express*, 523 F.3d 681, 683 (7th Cir. 2008); *see Borrero v. City of Chicago*, 456 F.3d 698, 699–700 (7th Cir. 2006). The district judge's order enforcing the settlement agreement disposed of all of Allen's employment-discrimination claims and thus was appealable despite the absence of a separate Rule 58 judgment.

Turning to the merits, we conclude that the district judge did not abuse his discretion in rejecting Allen's claim of duress and ordering the oral settlement agreement enforced. *See Newkirk v. Vill. of Steger*, 536 F.3d 771, 773–74 (7th Cir. 2008). The settlement is governed by Indiana law, *see Lewis v. Sch. Dist. No. 70*, 648 F.3d 484, 486 n.1 (7th Cir. 2011), and must be interpreted according to ordinary contract principles, *see Johnson v. Johnson*, 920 N.E.2d 253, 256 (Ind. 2010). Allen argues vaguely that the district judge should have credited his duress defense because his first attorney "took advantage" of him, even "threataning [sic]" him in a "back room" before the settlement conference. But Allen introduced no evidence that he was "deprived of the free exercise of his own will" when he agreed on the record in federal court to settle his case. *Youngblood v. Jefferson Cnty. Div. of Family & Children*, 838 N.E.2d 1164, 1170 (Ind. Ct. App. 2005) (internal quotation marks and citation omitted) (no duress where mother claimed only generally that caseworker "pressured" her into signing away parental rights). Allen has provided no details of his attorney's alleged "threat," and in any event, even a lawyer's warning that he will withdraw from representation if a client does not sign a settlement agreement does not provide the client with a viable duress defense. *See In re Paternity of K.R.H.*, 784 N.E.2d 985, 990 (Ind. Ct. App. 2003).

AFFIRMED.