**Order issued November 6, 2012**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-00368-CV

————————————

**JONATHON C. MCINTOSH, D.D.S., Appellant**

**V.**

**DAVID PARTRIDGE, M.D., INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY, AND ADALBERTO BARRERA, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY, Appellees**

---

**On Appeal from the 400th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 08-DCV-168700**

---

## ORDER ON REHEARING

On July 19, 2012, the Court dismissed this appeal for want of prosecution

after appellant, Jonathon C. McIntosh, D.D.S., did not respond to the Court's

notice that the required filing fees had not been paid. *See* TEX. R. APP. P. 5 (stating that "[a] party who is not excused by statute or these rules from paying costs must pay—at the time an item is presented for filing—whatever fees are required by statute or Supreme Court order," and providing for enforcement); 42.3 (providing for involuntary dismissal); *see also* TEX. GOV'T CODE ANN. § 51.207 (Vernon Supp. 2012), § 51.941(a) (Vernon 2005), § 101.041 (Vernon Supp. 2012) (listing fees in courts of appeals); Order Regarding Fees Charged in Civil Cases in the Supreme Court and the Courts of Appeals and Before the Judicial Panel on Multidistrict Litigation, Misc. Docket No. 07-9138 (Tex. Aug. 28, 2007), *reprinted in* TEX. R. APP. P. app. A § B(1) (listing fees in court of appeals). Appellant has filed a motion for rehearing, asking the Court to set aside its dismissal and reinstate the appeal. Appellant asserts that he is exempt from paying the filing fee, under the federal "Uniformed Services Employment and Reemployment Rights Act" (USERRA), 38 U.S.C. §§ 4301–4335 (2011), and Texas Government Code sections 431.005(c), 613.002, and 613.021, *see* TEX. GOV'T CODE ANN. §§ 431.005(c), 613.002, 613.021 (West 2012).

We grant the motion and reinstate the appeal.

The record reflects that, prior to the events giving rise to this suit, appellant was employed as the Director of Dental Services at the Richmond State School ("RSS"). RSS is a state facility under the Texas Department of Aging and

2

Disability Services. *See McIntosh v. Partridge*, 540 F.3d 315, 318 (5th Cir. 2008).[1] In 2004, appellant was recalled to serve the United States Navy in Iraq for one year. Upon his return, appellant notified RSS that he wanted to return to employment. According to appellant, appellee David Partridge, M.D., medical director of RSS, and appellee Aldaberto Barrera, superintendent of RSS, instructed appellant not to return to RSS because appellant's "clinical privileges had been suspended due to professional incompetence and violations of the applicable standard of care." Appellant sued the appellees in their individual and official capacities, asserting that the appellees' allegations of professional incompetence were pretext and that their failure to re-employ him violated federal and state statutes, namely, USERRA and Texas Government Code sections 431.005(c), 613.002, and 613.021. Further, appellant alleged that the appellees' actions

---

[1] Appellant originally filed this suit against appellee Partridge in the United States District Court for the Southern District of Texas, Galveston Division, as cause number G-05-0683. *McIntosh v. Partridge*, 540 F.3d 315, 318 n.1 (5th Cir. 2008). The matter was transferred to the Houston Division, as cause number H-06-1968. *Id.* There, appellant asserted claims under USERRA and the 14th Amendment, and brought a Texas common law defamation claim, arguing that he was terminated from his position because of his military service in Iraq. *Id.* at 318. The district court granted summary judgment in favor of Partridge, holding that it had jurisdiction over appellant's USERRA claim, and it entered a take nothing judgment against appellant. *Id.* at 319. Appellant's state-law defamation claim was dismissed. *Id.* The Fifth Circuit held that section 4323 did not authorize federal jurisdiction over appellant's USERRA claim and dismissed the claim. *Id.* at 321. The Fifth Circuit affirmed the district court's dismissal of appellant's state law defamation claim. *Id.* at 327. Appellant re-filed his suit in state court, which gave rise to this appeal. USERRA expressly provides that an action by a person against a state (as an employer), as here, may be brought in a state court of competent jurisdiction in accordance with the laws of the state. *See* 38 U.S.C. § 4323(b) (2011).

3

constituted defamation, for which appellant sought compensatory and punitive damages, because the matter had to be reported to the National Practitioner Database and the United States Navy, which put appellant's military healthcare provider credentials in danger of revocation.

The trial court dismissed appellant's suit for want of prosecution, and appellant appealed. We dismissed the appeal because appellant did not pay this Court's filing fee. On rehearing, our review is limited to whether appellant is exempt from paying the filing fee under USERRA and the Texas Government Code.

Stated generally, USERRA is a federal statute that protects employees from discrimination on the basis of their military service and provides that any person whose absence from a position of employment is necessitated by reason of service in the uniformed services shall be entitled to reemployment, on certain conditions. 38 U.S.C. §§ 4311, 4312, 4313. Congress enacted USERRA to "prohibit discrimination against persons because of their service in the uniformed services." 38 U.S.C. § 4301(a)(3). The statute is liberally construed in favor of veterans who seek its protections. *Davis v. Advocate Health Ctr. Patient Care Express*, 523 F.3d 681, 683–84 (7th Cir. 2008). USERRA "supersedes any State law, . . . policy, plan, practice, or other matter that reduces, limits, or eliminates in any manner any right or benefit provided by this chapter, including the establishment of additional

4

prerequisites to the exercise of any such right or the receipt of any such benefit." 38 U.S.C. § 4302.

Under USERRA, in an action enforcing rights with respect to a state employer, as here, "no fees or court costs may be charged or taxed against any person claiming rights under this chapter." 28 U.S.C. § 4323(h)(1). In the seminal USERRA filing fee case, the Seventh Circuit construed the phrase "fees or court costs" to include normal litigation costs such as filing fees. *Davis*, 523 F.3d at 684.

Texas Government Code Chapter 613 also governs reemployment following military service. Generally, if a public official fails to reemploy an individual following military service, a district court may require the official to comply on the filing of a motion, petition, or pleading filed by a person entitled to benefits. *See* TEX. GOV'T CODE ANN. § 613.021. Like USERRA, section 613.023 provides that "[a] person applying for benefits . . . may not be charged court costs or fees for a claim, motion, petition, or other pleading filed under Section 613.021." *See id.* § 613.023. Currently, there are no Texas cases construing sections 613.021 or 613.023.

Here, appellant was a member of the United States Navy Reserve who was called to active duty to serve in Iraq during his employment with RSS. He alleges that, when he completed his tour of duty, he was denied reemployment. The record reflects that he sued his state employer, seeking the benefit of

reemployment under USERRA and the Texas Government Code. Hence, without speaking to the merits of his claims, appellant is "claiming rights" and "benefits" under the USERRA and Government Code Chapter 613; therefore, appellant is excused by statute from paying the filing fee. *See* 28 U.S.C. § 4323(h)(1); TEX. GOV'T CODE ANN. § 613.023; TEX. R. APP. P. 5 (stating that party must pay filing fee unless "excused by statute"); *Davis*, 523 F.3d at 684.

In their response to the motion for rehearing, appellees contend that appellant is not exempt from paying the filing fee and therefore dismissal was proper. Appellees point out that, although appellant prosecutes a claim under USERRA and its Texas analogue, which provide for statutory exemptions, appellant also brought a state common law defamation claim, which is not exempt.

Appellees direct us to *Chance v. Dallas County Hospital District*, in which the Fifth Circuit stated that "one claiming rights under the USERRA, *and only under the USERRA*, may not be taxed costs." 176 F.3d 294, 296 (5th Cir. 1999) (emphasis added). There, as appellees assert, the Court refused to read USERRA to bar the taxing of costs against a party who prosecutes any host of claims, just because the party includes a claim under USERRA. *Id.*

In *Chance*, the plaintiff, Chance, filed a petition against Dallas County Hospital, alleging causes of action under USERRA, the Texas Commission on Human Rights Act, the Texas Whistleblower Act, the Equal Pay Act, and the Civil

6

Rights Act. *Id.* at 295. Prior to trial, the Hospital filed a motion for summary judgment, which the court granted on all claims except the USERRA causes of action. *Id.* A jury later found, in part, for the Hospital and, in part, for Chance on the USERRA claims. *Id.* The trial court taxed costs against Chance. *Id.* Chance appealed, contending that USERRA prohibited the taxing of costs against him. *Id.*

On appeal, the Fifth Circuit held that only those costs *not* attributable to the filing and advancing of the USERRA claims could be taxed and ordered that the trial court "closely examine the costs incurred à quo and separate out and tax to Chance only those costs not related to his USERRA claim." *Id.* at 297. The Fifth Circuit said,

> It may be that some, most, or all costs attributable to other claims are also related to the USERRA claim. That is a matter to be first addressed by the trial court. We express no opinion thereon. But no costs of court directly attributable to the filing and prosecution of the USERRA claim may be assessed against Chance.

*Id.*

*Chance* is distinguished from the instant case on appeal because, there, the issue was the trial court's apportionment or assessment of costs after its consideration of the case. Here, we consider the filing fee, which is due when the notice of appeal is filed. *See* TEX. R. APP. P. 5. An appellate court clerk is required to collect the filing fee at the time the notice of appeal is filed, as provided

7

by the governing statutes and rules,[2] unless the appellant is excused by statute or rule. *See id.* We concluded above that appellant is excused by statute. Appellees do not direct us to any authority, and we find none, that provides for an apportionment by this Court of the fee upon the filing of the appeal.

In light of the plain language of 38 U.S.C. § 4323(h)(1) and Congress's stated intent in USERRA to lessen the costs of litigation for veterans,[3] and the plain language of Texas Government Code section 613.023, we conclude that appellant is exempt from prepaying the filing fee on appeal.

We grant the motion, withdraw our opinion and judgment, and reinstate the appeal. Appellant may proceed on appeal without payment of the filing fee. The clerk's record has been filed. The reporter's record, if any, must be filed **within 30 days from the date of this order**. Appellant's brief will be due within 30 days

---

[2]     *See* TEX. GOV'T CODE ANN. § 51.207 (Vernon Supp. 2012), § 51.941(a) (Vernon 2005), § 101.041 (Vernon Supp. 2012) (listing fees in court of appeals); Order Regarding Fees Charged in Civil Cases in the Supreme Court and the Courts of Appeals and Before the Judicial Panel on Multidistrict Litigation, Misc. Docket No. 07-9138 (Tex. Aug. 28, 2007), *reprinted in* TEX. R. APP. P. app. A § B(1) (listing fees in court of appeals); *see also* TEX. R. APP. P. 5.

[3]     Notably, the Supreme Court of the United States has also established a procedure for veterans "suing under *any* provision of law exempting veterans from the payment of fees or court costs" to proceed in that court without "prepayment of fees or costs." Sup.Ct. R. 40(1) (emphasis added); *see Davis v. Advocate Health Ctr. Patient Care Express*, 523 F.3d 681, 684 (7th Cir. 2008). Litigants need only file a motion for leave to proceed as a veteran and an affidavit establishing the moving party's veteran status. *Davis*, 523 F.3d at 684.

after the record is complete.  If no reporter's record is to be filed, appellant's brief must be filed **within 30 days from the date of this order**.


/s/ Laura Carter Higley

Laura Carter Higley
Justice

Panel consists of Justices Higley, Sharp, and Huddle.