**Scott PALUMBO, Plaintiff,**

v.

**DEVRY UNIVERSITY, Devry Inc., Erika Orris, Lori Davis, and Donna Jennings, Defendants.**

**Case No. 13–cv–04461.**

United States District Court, N.D. Illinois, Eastern Division.

Aug. 23, 2013.

Aaron Benjamin Maduff, Walker R. Lawrence, Maduff & Maduff, LLC, Chicago, IL, for Plaintiff.

Brian M. Stolzenbach, Kyle R. Hartman, Seyfarth Shaw LLP, Chicago, IL, for Defendants.

### ORDER

HARRY D. LEINENWEBER, District Judge.

Plaintiff's Motion to Waive Filing Fee Pursuant to 38 U.S.C. § 4323(h)(1), ECF No. 3, is GRANTED.

### STATEMENT

Before the Court is Plaintiff Scott Palumbo's ("Palumbo") Motion to Waive Fil-

ing Fee Pursuant to 38 U.S.C. § 4323(h)(1). ECF No. 3. For the following reasons, the motion is granted.

Palumbo alleges that he graduated in the top 10% of his class at the United States Navy Officer Candidate School in November 1999, and then attended the United States Navy Flight School from March 2000 until 2001. Over the next four years, he was deployed to combat duty in Iraq, flew more than 150 combat missions, and received various decorations and promotions. He received an honorable discharge and left active duty in May 2008, during which time he became a drilling Navy reservist.

Palumbo alleges he was hired in August 2010 as the National Director of Military Affairs at Defendant DeVry University, a for-profit university owned by Defendant DeVry, Inc. ("collectively, DeVry"). He received a favorable annual review while at DeVry just prior to being involuntarily redeployed to Afghanistan on July 29, 2011. At the end of his year-long deployment, he returned to his position at DeVry on July 27, 2012.

Plaintiff alleges that upon his return, his supervisor, Defendant Erika Orris, began questioning him regarding whether he would be deployed again or leave to attend the Naval War College. Following Plaintiff's response that there were no guarantees that he would not be redeployed or attend the Naval War College, Plaintiff alleges Orris "embarked on a campaign of harassment ... calculated to constructively discharge Mr. Palumbo." Compl. ¶ 3. This alleged campaign involved Orris failing to provide Plaintiff his 2013 compensation plan, refusing to permit Plaintiff to apply for tuition benefits, delaying approval and reimbursement of Plaintiff's expenses, and challenging Plaintiff for taking an approved day off to spend with his hospitalized wife. Orris also issued a let-

ter of concern and indicated it was her intention to terminate him. After complaining to Defendant Lori Davis in DeVry's Human Resources Department of this hostile work environment, Plaintiff states he was asked to sign a separation agreement. He refused, but eventually signed a letter of resignation under protest and duress after Defendant Donna Jennings, DeVry Inc.'s Vice President of Human Resources, told him he would be terminated for cause if he did not.

■ Palumbo asserts various claims against Defendants pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. § 4301 *et seq.* ("USERRA"). Congress enacted USERRA to "prohibit discrimination against persons because of their service in the uniformed services." *Bowlds v. General Motors Mfg. Div. of the General Motors Corp.*, 411 F.3d 808, 810 (7th Cir. 2005). Courts interpret USERRA broadly in favor of veterans seeking its protections. *Davis v. Advocate Health Ctr. Patient Care Express*, 523 F.3d 681, 683–84 (7th Cir.2008). As part of that broad remedial scheme, USERRA provides that "[n]o fees or court costs may be charged or taxed against any person claiming rights under this chapter." 38 U.S.C. § 4323(h)(1).

In *Davis*, the Seventh Circuit held specifically that § 4323(h)(1) "permits a USERRA litigant to initiate suit without prepaying the filing fee." 523 F.3d at 685. The court based this holding on the language of the provision, as well as the fact courts waive filing fees generally for veterans in employment discrimination suits under § 4323(h)(1) and its predecessors. *Id.* at 684.

■ The Court finds, based on the allegations in his complaint, that Plaintiff is a qualified member of the "uniformed services" as defined in the USERRA, 38

U.S.C. § 4303. *See Snyder v. Johnson,* No. 12–2723–JAR–DJW, 2012 WL 5866249 at *1–2, 2012 U.S. Dist. LEXIS 164748 at *4–5 (D.Kan. Nov. 19, 2012) (finding that plaintiff was a member of the "uniformed services" under USERRA based on allegations in complaint and granting motion to waive filing fee). The Court also finds that Plaintiff has asserted claims for violations under USERRA. As such, the Court grants Plaintiff's Motion to Waive Filing Fee Pursuant to 38 U.S.C. § 4323(h)(1), ECF No. 3.